(No. 30207.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VOL NELSON, Plaintiff in Error.

*Opinion filed November 20, 1947—Rehearing denied Jan. 15, 1948.*

VOL NELSON, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (LOUIS P. ZERWECK, State's Attorney, of Belleville, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiff in error, Vol Nelson, herein referred to as the defendant, was convicted of murder in the city court of East St. Louis, and on June 4, 1936, was sentenced to the Illinois State Penitentiary for the term of his natural life. He prosecutes this writ of error to reverse the judgment, contending that certain material errors appear in the common-law record filed by him which warrant such reversal. No bill of exceptions has been filed.

The defendant has assigned twenty errors alleged to have been committed by the trial court, including thirteen grounds set forth in support of a motion for a new trial. In the absence of a bill of exceptions, none of these errors assigned as grounds for a new trial can be considered by this court.

In the other assignment of errors, complaint is made that the record is fatally deficient in that, "No placita or order convening the court is shown." As a matter of fact both plainly appear on page one of the common-law record.

The other objections to the form of the indictment are without merit. An indictment is sufficient if it is specific enough to notify the defendant of the charge which he is to meet and to enable him to prepare his defense. Here, the charge of murder was clearly and plainly stated. All objections which go merely to the form of an indictment are required to be made before trial. Ill. Rev. Stat. 1945, chap. 38, par. 719.

Defendant assigns as error that he was not given a copy of the indictment before arraignment. The record shows that the indictment was returned into court on May 15, 1936; that on May 18, 1936, the following, among other orders in said cause, appears: "Being in open court in the custody of the sheriff he (defendant) is formally arraigned, furnished with a copy of the indictment and a list of witnesses and pleads not guilty to the charge of murder." While the clerk's record is not skillfully drafted, it is clear that the defendant was furnished a copy of the indictment before being required to answer the charge made against him or to plead to the indictment. He pleaded not guilty at that hearing and informed the court that he had engaged an attorney to defend him. We find nothing in the procedure which in any way prejudiced the rights of the defendant or affected the fairness of the trial later on.

One of the main contentions of defendant is that the court erred in not permitting him to have counsel of his own selection; and that the court appointed counsel for him without his consent. This claim is not sustained by the record. There it is shown that at the time of arraignment he informed the court that he had engaged an attorney to defend him. Five days later Charles L. Gray was given leave to withdraw as attorney for the defendant and the court appointed T. S. Morgan and Dale Billman as attorneys to represent the defendant. On May 29, 1936, T. S. Morgan was given leave to withdraw as attorney

626

for defendant. On June 3, 1936, the case was called for trial and the defendant was represented by N. W. Parden and Dale Billman, attorneys, throughout the trial. The record in the case does not disclose any conduct by the court in imposing counsel on the defendant against his wishes, but, in fact, does affirmatively show that defendant was at all times represented by attorneys and without objection on his part.

A review of the record submitted does not show any unfairness on the part of the trial court, nor that the defendant was in any way denied due process of law. The constitutional rights of the defendant do not appear to have been prejudiced by anything shown in the common-law record and the errors complained of are without merit.

The judgment of the city court of East St. Louis is, therefore, affirmed.

*Judgment affirmed.*