(No. 39048.— ▪▪▪▪▪▪)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CHARLES DENNIS, Appellant.

*Opinion filed March 24, 1966.*

PHILIP J. SCHILLER, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KIS-SANE and CARMEN SPERANZA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In 1962 the defendant, under the name of "Charles Dennis, otherwise called 'Stacy,'" was indicted in the criminal court of Cook County on a charge of unlawful possession of narcotic drugs. He pleaded guilty and was sentenced to the penitentiary for a term of not less than 2 nor more than 6 years. His petition under the Post-Conviction Hearing Act was dismissed on the State's motion, and he has appealed from the judgment of dismissal.

The petition alleged that while the defendant was visiting at the home of a friend the premises were searched by police officers who found "a gun—some type of narcotic instruments and unlawfully and illegally designated such fruits as being the personal property of the petitioner." He alleged that his arrest was illegal because the warrant was "allegedly issued against one 'Stacy'" and that he was not the person named in the warrant. On the premise that the search and arrest were illegal, the defendant contended in his petition that the court lacked jurisdiction to accept his plea of guilty and enter a judgment and sentence. The petition also alleged that the indictment was procured by

"fraud, deceit, subterfuge, ambiguity of purpose and in violation of the Constitution of the United States of America and the Constitution of the State of Illinois," and that the action of the police officers denied the defendant the equal protection of the laws and due process. There was no allegation in the petition that the defendant's appointed counsel was incompetent.

In the brief filed in this court by the attorney appointed to represent him on this appeal it is argued for the first time that the defendant's appointed counsel at the time of his conviction did not competently represent him in that no motion was filed to suppress the evidence obtained as a result of the search at the time of the defendant's arrest. No claim of lack of competent counsel was advanced in the post-conviction petition, however, nor did the petition allege any facts that would have suggested that it should be amended to assert such a claim.

A constitutional right, like any other right of an accused, may be waived (*People* v. *Adams,* 4 Ill.2d 453, 458; *People* v. *Orr,* 10 Ill.2d 95, 100,) and a voluntary plea of guilty waives errors or irregularities that are not jurisdictional. (*People* v. *Smith,* 23 Ill.2d 513, 514.) The court had jurisdiction of the subject matter of the offense and, even assuming *arguendo* that the search and arrest were illegal, the court had jurisdiction of the defendant's person. (*People* v. *Rose,* 22 Ill.2d 185.) The transcript of the proceedings at the time of defendant's plea of guilty shows that he was admonished as to the consequences of his plea. In reply to questions by the court the defendant stated that he had consulted with his attorney about entering a plea of guilty and that he was satisfied with the services which had been rendered by that attorney. He also stated that he was pleading guilty because he was guilty. The record establishes that the defendant voluntarily pleaded guilty to the charge, and he thereby waived any claim that the arrest and search were illegal. His claim that the court lacked jurisdiction to

222

accept his plea is without merit. The other allegations of his petition which charged fraud, denial of equal protection and denial of due process were entirely unsubstantiated, and did not require a hearing. *People* v. *Reeves*, 412 Ill. 555.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*