(No. 40716.— ■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
GERALD C. PAGE, Appellant.

*Opinion filed Nov. 30, 1967.—Rehearing·denied Jan. 18, 1968.*

JOHN R. SNIVELY, of Rockford, for appellant.

. WILLIAM G. CLARK, Attorney General, of Springfield,
and JOHN L. MOORE, State's Attorney, of Oregon, (FRED
G. LEACH, Assistant Attorney General, of counsel,) for the
People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the
court:

Gerald C. Page was sentenced by the circuit court of Ogle County to a term of from 5 to 10 years imprisonment following his plea of guilty to armed robbery. He now appeals from the judgment in a post-conviction hearing which denied his petition. The allegations of error include assertions that he was deprived of the right to counsel when he waived prosecution by indictment and that his waiver was void because it was not understandingly made; he also claims that the information filed against him failed to charge a crime, that his court-appointed counsel was incompetent and that his sentence was void.

The defendant was arrested on the morning of January 7, 1965, and taken to the Ogle County jail where he signed an admittedly voluntary statement shortly after he was taken into custody. While the full contents of this statement do not appear in the record, a sufficient presentation is made to show that the statement incriminated the defendant in the armed robbery. On the following day Page appeared before the circuit judge, who informed him that the State's Attorney had prepared an information charging him with armed robbery but that the defendant had the right to be indicted by the grand jury unless he voluntarily consented to be prosecuted by information. After consenting to the filing of the information and affirmatively answering the court's query to the effect that he understood what the judge was saying, the defendant signed a written waiver of grand jury indictment, was furnished with a copy of the information and counsel was appointed upon the defendant's statement that he was indigent.

Page next appeared before the court on January 15 with his appointed counsel to plead to the robbery charge. At this hearing defendant admitted that he had been fully informed of his legal rights by his attorney. He then pleaded guilty to the armed robbery charge and steadfastly maintained his guilty plea in the face of the judge's explanation of the right to a jury trial, the presumption of innocence,

the right to present evidence and to cross-examine, and the privilege against self-incrimination if Page chose to plead not guilty. The defendant did not equivocate in his judicial admission of guilt at any time during the hearing although he was fully admonished of the consequences of his plea. After the judge accepted the guilty plea he noted that Page was not eligible for probation, and the defendant's appointed counsel agreed that this was true because of a prior felony conviction. Page then waived a hearing in aggravation and mitigation, and, after the defendant's attorney made a statement of mitigating factors for the court to consider, the judge imposed the sentence recommended by the State's Attorney.

We hold that the defendant's voluntary plea of guilty, made after full explanation and admonition, waived all trial court errors or irregularities which were not of a jurisdictional nature. (*People* v. *Dennis,* 34 Ill.2d 219, 221; *People* v. *Smith,* 23 Ill.2d 512, 514.) Even constitutional rights may be waived by an accused (*People* v. *Dennis,* 34 Ill.2d 219, 221; *People* v. *Adams,* 4 Ill.2d 453, 458; *People* v. *Orr,* 10 Ill.2d 95, 100), and the importance of the defendant's attack on trial level procedure is dwarfed by the presence of his unrecanted and unimpeached admission and plea of guilty.

Although only one of the defendant's assertions suggest error of a jurisdictional nature that might warrant reversal, we shall consider all of his objections to a degree commensurate with their merit. The contention that Page's waiver of grand jury indictment was void is based on an alleged noncompliance with the requirement of Supreme Court Rule 26 (now Rule 401) that such a waiver may not be permitted unless the court finds that "the accused understands he has a right to be held to answer for the offense on indictment by a grand jury and has understandingly waived that right and consented to his prosecution by information * * *." (Ill. Rev. Stat. 1965, chap. 110, par. 101.26(3).)

614

The absence of a formal finding is not proof that the court did not so conclude. The proceedings reveal evidence from which the judge could justifiably conclude that the accused understood his rights and there is no evidence indicating the contrary. While the court did not dwell upon the legal distinctions between an indictment and information, we believe the explanation sufficient, particularly since the defendant was given an ample opportunity to ask any questions he entertained regarding the waiver procedure, and his protestations of ignorance now asserted in this appeal fly in the face of his written waiver of indictment and his accompanying oral statement that he understood the judicial explanation which preceded the waiver.

The defendant presents the further argument that his waiver was void because he was not represented by counsel at the time that it was made. Our rule then in effect did not require that an accused be represented by counsel before he could effectively waive grand jury indictment. (See Ill. Rev. Stat. 1965, chap. 110, par. 101.26(2).) Defendant, however, urges that the absence of such representation at the time of the waiver violates the admonition of *Powell* v. *Alabama,* 287 U.S. 45, 69, 77 L. Ed. 158, 170, 53 S. Ct. 55, 64, that an accused "requires the guiding hand of counsel at every step in the proceedings against him." This rule was further developed by the subsequent cases of *Hamilton* v. *Alabama,* 368 U.S. 52, 7 L. Ed. 2d 114, 82 S. Ct. 157, and *White* v. *Maryland,* 373 U.S. 59, 10 L. Ed. 2d 193, 83 S. Ct. 1050, which extended the constitutional right of counsel to every "critical stage" in a criminal proceeding. The case before us differs markedly from these decisions, however, for *Powell, White* and *Hamilton* were each concerned with a capital offense, a plea of not guilty and a subsequent jury trial. In this context the court found it unnecessary to determine whether actual prejudice resulted from the absence of counsel at an earlier stage of the proceedings. In each of those cases, however, actual prejudice

to defendant or the substantial likelihood thereof was apparent. In contrast thereto, the case before us involves a plea of guilty made after an extensive explanation to defendant of his presumed innocence, his right to a jury trial, his privilege against self-incrimination, his right to present evidence and to confront and cross-examine those who appeared against him. Defendant makes no attempt to show any element of prejudice to him resulting from the absence of counsel at the time of waiver, and, in our opinion, such absence does not attain the status of reversible error without a showing of something "more than the sole fact that the accused at the time in question was without an attorney," (*People* v. *Rebenstorf,* 37 Ill.2d 572, 576; see also *People* v. *Morris,* 30 Ill.2d 406, 410, reaffirmed in *People* v. *Bernatowicz,* 35 Ill.2d 192, 198), for, as we also said in *Rebenstorf* (p. 576) : "Any question rising from the absence of counsel must be regarded as a question in the actual criminal process concerned and not as a purely abstract question." We there approved the interpretation of *Hamilton* and *White* by the Fourth Circuit Court of Appeals in *De Toro* v. *Pepersack,* 332 F.2d 341, 343, *cert.* den. 379 U.S. 909, 85 S. Ct. 198, "that an accused is denied rights afforded him under the sixth amendment when he is subjected to an arraignment or to a preliminary hearing without the assistance of counsel, where events transpire that are likely to prejudice his ensuing trial." There is certainly no greater likelihood of prejudice to defendant from the absence of counsel at the time indictment is waived than resulted from the lack of counsel at the preliminary hearings in *Morris, Bernatowicz,* and *DeToro.* In fact, the only conceivable manner in which defendant here could have been prejudiced by his waiver of indictment is to assume that a grand jury hearing the evidence against a defendant who has made an unchallenged, incriminatory statement regarding an armed robbery might not indict him. To say that the existence of this highly improbable possibility con-

616

stitutes sufficient cause to reverse the judgment and vacate the plea of guilty accepted only after a thorough explanation and admonition by the trial judge would be an exaltation of form over substance to which we cannot subscribe. We accordingly hold that the absence of counsel at the time indictment was waived is, in the context of this case, not reversible error.

We find that defendant's remaining allegations of error do not warrant extended consideration. The mere charge of incompetency of court-appointed counsel is not sufficient when presented in the form of unsubstantiated conclusions. (See *People* v. *Squires,* 27 Ill.2d 518, 522.) The information which charged Page with transporting a codefendant to and from the scene of the armed robbery adequately notified the defendant of the charge so as to enable him to prepare a defense. (*People* v. *Blanchett,* 33 Ill.2d 527, 532; *People* v. *Nelson,* 398 Ill. 623, 625.) The defendant's sentence of from 5 to 10 years in the Illinois State Penitentiary was not rendered uncertain because he was remanded to the custody of the Department of Public Safety, since the agent of that Department who took custody of the defendant was statutorily bound to deliver Page to the intended place of confinement. Ill. Rev. Stat. 1965, chap. 38, par. 119—1.

The judgment of the circuit court of Ogle County is affirmed.