**People of the State of Illinois, Plaintiff-Appellee, v. Steven J. Hankins, Defendant-Appellant.**

### Gen. No. 11,000.

Fourth District.

February 5, 1969.

John E. Bellatti, of Jacksonville, for appellant.

Walter Farrand, State's Attorney of Cass County, of Virginia, for appellee.

TRAPP, P. J.

Defendant pleaded guilty to an information in two counts charging aggravated battery, each alleging great bodily harm to separate individuals through use of a

shotgun. The court imposed sentence of not less than two years nor more than eight years.

This appeal urges that the court erred in, (1) denying a motion for change of venue from the county because of prejudice of the inhabitants, and (2) in denying a motion for substitution of judges. It is also urged that the sentence imposed is excessive and harsh.

While the offense was committed in September, the relevant facts commence on December 6, 1967, when the defendant waived indictment and the information was filed. Defendant was represented by appointed counsel prior to and on such date. The defendant was arraigned on December 18th and pleaded not guilty. The trial date was designated as February 13, 1968.

On January 19, 1968, defendant filed the motions now urged on appeal. The motions were denied as not being timely filed, and because there was no showing of facts in support of such motions.

On or about February 6, 1968, defendant indicated that he desired to change his plea. Defendant appeared with counsel, and following extensive admonition by the court changed his plea to that of guilty. The record shows the filing of a signed written plea of guilty with certificate of counsel that the charges had been explained to the defendant, and that counsel believed that the plea had been understandingly made. The written plea of guilty incorporates, in seventeen paragraphs, matters properly explained in the court's admonition prior to accepting defendant's plea of guilty.

Defendant was twenty-one years of age within a week after entering this plea. He had completed the tenth grade in school. No motion for probation was made. Following sentence, defendant requested that a notice of appeal be filed, and present counsel was appointed.

 A plea of guilty made after explanation and admonition by the court waives all irregularities and errors except those relating to jurisdiction. Such waiver

may include a waiver of constitutional rights. People v. Page, 38 Ill2d 611, 232 NE2d 689; People v. Dennis, 34 Ill2d 219, 215 NE2d 218. Since it is not argued that the denial of the motions at issue coerced the entering of the plea, it is not necessary to review the respective rulings as an abuse of discretion. People v. Wilson, 29 Ill2d 82, 193 NE2d 449.

It is urged that the sentence is harsh and excessive in that the defendant was but twenty years of age at the date of the offense, and had no prior felony conviction. No evidence in mitigation appears in the excerpts from the record filed, and the defendant did not testify. In aggravation, the court noted that the defendant had fired a shotgun at the defendants, that he had "leveled" a shotgun, apparently loaded, at a witness to the offenses charged, that the defendant had contrived a temporary escape from the custody of the sheriff, and that the defendant had mounted a physical assault against a prosecution witness on the steps of the courthouse. The record shows that during the four years preceding the offenses charged defendant had been sentenced to the Youth Commission, to St. Charles, and to the penal farm at Vandalia. Upon such record, the court was justified in concluding that the prospects for defendant's rehabilitation were minimal. We find no abuse of discretion in the sentence imposed, and the judgment and the sentence are affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.