**The People of the State of Illinois, Plaintiff-Appellee, v. James R. Garrison, Defendant-Appellant.**

**Gen. No. 68–23.**

Fifth District.

March 28, 1969.

Ralph G. Meyer, of Flora, for appellant.

H. Carroll Bayler, State's Attorney, of Louisville, for appellee.

GOLDENHERSH, P. J.

Defendant, James R. Garrison, entered a plea of guilty in the Circuit Court of Clay County to an indictment

charging Robbery (c 38, § 18–1, Ill Rev Stats) and was sentenced to the penitentiary for a term of not less than one nor more than twenty years.

As grounds for reversal, defendant contends, inter alia, that the record shows that he was so intoxicated at the time of the alleged offense as to be incapable of forming the specific intent essential to the offense.

The record shows that defendant was arraigned on February 7, 1968, and was represented by appointed counsel. He was admonished by the court with respect to his rights, the range of permissible punishment, and answered in the affirmative when asked by the court whether the proceedings had been explained by his counsel and were fully understood by him.

The court requested the State's Attorney to make a complete statement of the facts on which the charge was based. Upon completion of the statement, defense counsel advised the court that because of his condition of intoxication at the time, defendant had no recollection of the occurrence. He stated he had investigated the case, had interviewed a number of persons and although he felt the defendant did not know what he was doing at the time, he did not think a successful defense could be made to the charge.

Defendant entered a plea of guilty to Robbery and a second count based on the same occurrence, and charging Armed Robbery (§ 18–2) was dismissed.

The court explained to defendant that he was entitled to a hearing in aggravation and mitigation which could be held instanter, or if defendant desired, could be set several weeks later. His counsel stated that he had consulted with defendant and preferred a hearing at that time. Counsel thereupon reviewed defendant's prior record, and the problems resulting from his alcoholism.

Defendant testified as to his activities on the day of the commission of the offense. He testified that he re-

called leaving a tavern at 6:30 p. m. and the next thing he remembered was waking up, lying on the street, at midnight.

The following colloquy ensued:

"THE COURT: I am going to ask you this—both counsel and Mr. Garrison. If your statement here is to the effect that this man had no intent to commit any crime, of course he should not plead guilty in the first place. What causes you to plead guilty here if what you state is completely true? What is there about the case here if you don't have any recollection of this or don't feel you had intent to commit it, or why did you enter a plea of guilty?

"MR. TODD: It might be—I might say to the Court, it might be on the advice of counsel.

"THE COURT: Do you know you did do this or have you become convinced you did it?

"THE DEFENDANT: With the evidence they had which they didn't present to me, actually, I see no reason that the sheriff was lying, and I have come to the conclusion that I had done it.

"THE COURT: You did have the money?

"THE DEFENDANT: Within ten dollars was all I had.

"THE SHERIFF: I have never questioned the defendant. The evidence was available to his counsel in every way. I had the evidence and I told his counsel that I did have, and that's the reason for the arrest."

■ From our review of the record we conclude that defendant voluntarily and knowingly pleaded guilty after a full explanation and admonition, and the plea of guilty waived the necessity of proof of specific intent. People v. Page, 38 Ill2d 611, 232 NE2d 689.

■ Defendant contends that he was not adequately represented in that his appointed counsel was a general practitioner with no demonstrated skill or experience in the handling of criminal matters, and further, that his counsel did not, and could not be expected to devote the time and effort necessary to the proper representation of an indigent when his compensation, if any, was far less than the fees customarily charged for comparable services.

■ We are sympathetic to this argument, but in our opinion it is the Bar, rather than the defendants, who suffer under the present system of providing legal services for indigents. In People ex rel. Conn v. Randolph, 35 Ill2d 24, 219 NE2d 337, the Supreme Court pointed out that an attorney, as an officer of the court, owes the duty to defend indigents charged with crime, and it is the experience of this court, that with rare exception, the Bar has discharged this obligation with steadfast devotion. Counsel here was no exception, and defendant was ably represented.

■ Defendant's final contention is that the penalty imposed is too severe. From our review of defendant's prior record, it is our opinion that the sentence imposed is in accord with our holding in People v. Lillie, 79 Ill App2d 174, 223 NE2d 716, and no modification is warranted.

The court thanks appointed counsel for an excellent presentation of the issues, and a thoughtful and provocative discussion of the problems and inequities accompanying our present method of providing counsel for indigents.

For the reasons stated the judgment of the Circuit Court of Clay County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.