THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT W. GUTTENDORF, Defendant-Appellant.

Third District   No. 3—99—0230

Opinion filed January 14, 2000.

Carrie B. Marche (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Michael Kick, State's Attorney, of Kankakee (John X. Breslin and John Wood (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

The issue in this case is whether defendant's closed circuit television appearance at his guilty plea hearing violates his right to be physically present under the Illinois Constitution (Ill. Const. 1970, art. I, § 8), the United States Constitution (U.S. Const., amends. VI, XIV) and Illinois Supreme Court Rule 402 (177 Ill. 2d R. 402). Because we find that it does, we reverse and remand the cause for further proceedings.

Defendant was charged with predatory criminal sexual assault (720 ILCS 5/12—14.1(a)(1) (West 1998)) and two counts of aggravated

criminal sexual abuse (720 ILCS 5/12—16(c)(1)(i) (West 1998)). In June 1998, defendant entered a guilty plea via closed circuit television. Subsequently, he was given concurrent sentences of 20 years in prison on the first count and 4 years' imprisonment on the other two counts. Defendant's motion to withdraw the guilty plea was denied.

# I

Defendant argues that the use of closed circuit television in guilty plea hearings violates his constitutional right to be present during the proceedings (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8).

■ A criminal defendant has the constitutional right "to appear and participate *in person and by counsel* at all proceedings that involve his substantial rights." (Emphasis in original.) *People v. McDonald*, 168 Ill. 2d 420, 459, 660 N.E.2d 832, 849 (1995). This right is extended to all procedural stages that are critical to the outcome of the case if the defendant's "presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745, 96 L. Ed. 2d 631, 647, 107 S. Ct. 2658, 2667 (1987).

■ A guilty plea is a critical stage because its direct result is defendant's conviction. See *Boykin v. Alabama*, 395 U.S. 238, 242, 23 L. Ed. 2d 274, 279, 89 S. Ct. 1709, 1711-12 (1969). It is an admission of guilt of the criminal acts charged as well as of all material facts alleged in the charging instrument. See *People v. Johnson*, 28 Ill. 2d 531, 533-34 (1963). This admission rebuts the presumption of innocence. See *People v. Page*, 38 Ill. 2d 611, 612-13, 232 N.E.2d 689, 690-91 (1967). The entry of a guilty plea results in the waiver of a defendant's "right to a trial by jury and the right to be confronted with the witnesses against him." 177 Ill. 2d R. 402. A guilty plea also waives other constitutional rights, such as the fundamental right to present evidence and to raise the privilege against self-incrimination. See *Boykin*. 395 U.S. at 243, 23 L. Ed. 2d at 279, 89 S. Ct. at 1712.

■ A guilty plea is a decisive moment for the defendant in the criminal process. The plea obviates the prosecution's burden of proof. " 'It supplies both evidence and verdict, ending controversy.' " *Boykin v. Alabama*, 395 U.S. 238, 242 n.4, 23 L. Ed. 2d 274, 279 n.4, 89 S. Ct. 1709, 1712 n.4, (1969), quoting *Woodard v. State*, 42 Ala. App. 552, 558, 171 So. 2d 462, 469 (1965). It carries the same finality as a jury verdict. The atmosphere of the courtroom can play a critical, albeit intangible, role in the proceedings, including a hearing on a plea. A courtroom "is more than a location with seats for a judge, jury, witnesses, defendant, prosecutor, defense counsel and public observers; the setting that the courtroom provides is itself an important element in the constitutional conception of trial, contributing a dignity es-

sential to 'the integrity of the trial' process." *Estes v. Texas*, 381 U.S. 532, 561, 14 L. Ed. 2d 543, 561, 85 S. Ct. 1628, 1642 (1965) (Warren, C.J., concurring, joined by Douglas and Goldberg, JJ.), quoting *Craig v. Harney*, 331 U.S. 367, 377, 91 L. Ed. 1546, 1553, 67 S. Ct. 1249, 1256 (1947).

In a televised appearance, crucial aspects of a defendant's physical presence may be lost or misinterpreted, such as the participant's demeanor, facial expressions and vocal inflections, the ability for immediate and unmediated contact with counsel, and the solemnity of a court proceeding. In a guilty plea hearing, as in a trial, these components may be lost if a defendant's appearance is through closed circuit television.

Because of the critical significance of a guilty plea to a defendant, we hold that a televised guilty plea is not permitted under either the United States or the Illinois Constitution. See U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. Thus, defendant should have been physically present at the time he entered his guilty plea.

## II

■ Defendant also contends that Illinois Supreme Court Rule 402 requires his personal presence in the courtroom during his guilty plea hearing. Rule 402 states that "[t]he court shall not accept a plea of guilty *** without first, by addressing the defendant personally in open court, informing him of and determining that he understands [specific admonitions]." 177 Ill. 2d R. 402.

■ Supreme court rules are to be construed in the same manner as statutes. *In re Estate of Rennick*, 181 Ill. 2d 395, 404, 692 N.E.2d 1150, 1155 (1998). Whenever possible, a rule must be read to avoid an unconstitutional result. *In re Loss*, 119 Ill. 2d 186, 194, 518 N.E.2d 981, 984 (1987). Because we have found that our constitutions require defendant to be physically present in court during his guilty plea hearing, we will not construe Rule 402 to permit his appearance by closed circuit television.

## III

■ Although defendant failed to object to the use of closed circuit television either at the plea hearing or in a written posttrial motion (see *People v. Bean*, 137 Ill. 2d 65, 80, 560 N.E.2d 258, 264 (1990)), this issue must be treated as plain error. Plain error may be found when the evidence is closely balanced or when the defendant is stripped of substantial rights, resulting in fundamental unfairness. *People v. Keene*, 169 Ill. 2d 1, 17-18, 660 N.E.2d 901, 909-10 (1995). Defendants in felony cases have the constitutional right to be physically present at each "critical stage" of the proceedings. U.S. Const.,

amends. VI, XIV; Ill. Const. 1970, art. I, § 8. See also *People v. Young*, 201 Ill. App. 3d 521, 533, 558 N.E.2d 1287, 1294 (1990). If a defendant fails to object when his right to appear in person during a critical stage is violated, he is deemed to have waived that right unless plain error is found. See *Bean*, 137 Ill. 2d at 80, 560 N.E.2d at 264. As discussed above, defendant was denied a substantial right at a critical stage of the proceedings under the United States Constitution, which deprived him of fundamental fairness during the proceeding. He must be permitted to withdraw his guilty plea.

### CONCLUSION

The judgment of the circuit court of Kankakee County is reversed and remanded for further proceedings.

Reversed and remanded.

SLATER, P.J., and KOEHLER, J., concur.