THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BENNIE STROUD, Defendant-Appellant.

Third District    Nos. 3—01—0804, 3—01—0805 cons.

Opinion filed August 19, 2002.

Carrie B. Marche, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward D. Smith, State's Attorney, of Kankakee (John X. Breslin and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

The defendant, Bennie Stroud, pled guilty to possession of a stolen vehicle (625 ILCS 5/4—103(a)(1) (West 1996)) (No. 97—CF—621) via closed-circuit television and was sentenced to a probationary term of two years. While on probation, the defendant was found guilty of a subsequent offense (No. 98—CF—374) and his probation was revoked. The trial court sentenced the defendant to seven years in prison on each conviction. The defendant's direct appeal was dismissed for lack of jurisdiction (*People v. Stroud*, Nos. 3—98—0981, 3—98—0982 cons. (2000) (unpublished order under Supreme Court Rule 23)).

The defendant filed a postconviction petition, which was dismissed. The defendant now appeals from that dismissal, arguing that his plea of guilty in case No. 97—CF—621 should be vacated because it was entered over closed-circuit television. He also contends that his sentence in case No. 98—CF—374 should be vacated and remanded for resentencing. We vacate the conviction in case No. 97—CF—621, vacate the sentence in case No. 98—CF—374 and remand both causes for further proceedings.

## FACTS

On March 23, 1998, the defendant appeared via closed-circuit television and pled guilty to the charge of possession of a stolen motor vehicle (No. 97—CF—621). Pursuant to agreement, he was sentenced to two years' probation. The trial court admonished the defendant of his appellate rights. He did not appeal his conviction or sentence.

On July 1, 1998, the State filed a petition to revoke probation, alleging that the defendant violated his probation by committing another offense. Subsequently, the defendant was found guilty of unlawful possession of a controlled substance (720 ILCS 570/402 (West 1998)) (No. 98—CF—374) and his probation in case No. 97—CF—621 was revoked. The trial court sentenced the defendant to seven years' imprisonment for each offense. Based on his prior felony conviction in case No. 97—CF—621, the defendant was not eligible for probation in case No. 98—CF—374.

On direct appeal, the defendant claimed that his guilty plea in case No. 97—CF—621 should be vacated since he was not physically

present in the courtroom when the plea was entered. We dismissed the appeal for lack of subject matter jurisdiction because the defendant did not file a timely motion to withdraw the plea.

On November 22, 2000, the defendant filed a timely postconviction petition, again arguing that his guilty plea should be vacated because the trial court conducted the proceeding via closed-circuit television rather than in person. He also asked that his sentence in case No. 98—CF—374 be vacated and remanded for resentencing. The State moved to dismiss the petition because the defendant failed to file a timely motion to withdraw his plea pursuant to Supreme Court Rule 604(d). 188 Ill. 2d R. 604(d). The trial court agreed and the petition was dismissed.

## ANALYSIS

### I. Closed-Circuit Television Guilty Plea (No. 97—CF—621)

#### A. Waiver

■ On appeal, the defendant argues that the trial court erred in dismissing his postconviction petition because he failed to file a timely postplea motion. The State claims that the defendant waived review by failing to file a motion to withdraw his guilty plea pursuant to Supreme Court Rule 604(d).

The State's contention that the defendant cannot challenge his guilty plea on collateral review is misplaced. Rule 604(d) provides that no appeal from a judgment entered upon a guilty plea shall be taken unless the defendant files a motion to withdraw his plea within 30 days of that judgment. 188 Ill. 2d R. 604(d). A petition filed under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2000)) is not a direct appeal; it is a collateral attack on a prior judgment. This court has consistently held that the direct appeal requirements of Rule 604(d) do not apply to postconviction proceedings. *People v. Stein,* 255 Ill. App. 3d 847, 625 N.E.2d 1151 (1993); *People v. Brumas,* 142 Ill. App. 3d 178, 491 N.E.2d 773 (1986); see also *People v. Miranda,* 329 Ill. App. 3d 837 (2002). Since Rule 604(d) has no application, the defendant's failure to move to withdraw his plea does not result in a waiver of his constitutional claim.

Nevertheless, the State relies on *People v. Speed,* 318 Ill. App. 3d 910, 743 N.E.2d 1084 (2001), in support of its argument that the defendant is foreclosed from attacking the plea because he failed to address the issue in a timely direct appeal. In *Speed,* the defendant attempted to vacate his guilty plea on direct appeal. We held that the appellate court lacked jurisdiction to consider the issue because Speed did not follow the requirements of Rule 604(d). *Speed,* 318 Ill. App. 3d 910, 743 N.E.2d 1084.

Here, the defendant filed a timely postconviction petition (see 725 ILCS 5/122—1(c) (West 2000); *People v. Bates*, 323 Ill. App. 3d 77, 751 N.E.2d 180 (2001)); in it, he claimed that his televised guilty plea substantially violated his constitutional rights. As a result, the postconviction petition provides this court with jurisdiction to review the defendant's claim. Although the defendant was barred from challenging his plea on direct appeal, nothing prevents him from collaterally attacking his plea on constitutional grounds.

### B. Guilty Plea Proceeding

■ The remaining question is whether the acceptance of the guilty plea over closed-circuit television violated the defendant's constitutional rights.

Rule 402 states that "[t]he court shall not accept a plea of guilty *** without first, by addressing the defendant personally in open court, informing him of and determining that he understands [specific admonitions]." 177 Ill. 2d R. 402. The entry of a guilty plea is a critical stage of the proceedings against a defendant. *People v. Guttendorf*, 309 Ill. App. 3d 1044, 723 N.E.2d 838 (2000). This court has recently confirmed that the right to be physically present when entering a guilty plea is a substantial constitutional right. *Guttendorf*, 309 Ill. App. 3d 1044, 723 N.E.2d 838. Consequently, a guilty plea hearing on closed-circuit television denies the defendant a substantial right and deprives him of fundamental fairness. *Guttendorf*, 309 Ill. App. 3d 1044, 723 N.E.2d 838.

Here, the defendant pled guilty over closed-circuit television and was denied the substantial right to be present at a critical stage of his conviction proceeding. We therefore vacate the defendant's conviction in case No. 97—CF—621 and remand the cause for further proceedings. See *Guttendorf*, 309 Ill. App. 3d 1044, 723 N.E.2d 838.

### II. Sentencing (No. 98—CF—374)

■ The defendant also appeals his sentence in case No. 98—CF—374. He claims that because his conviction in case No. 97—CF—621 should be vacated, his sentence in case No. 98—CF—374 should be vacated and remanded for resentencing to allow the trial court to consider a term of probation. We agree. At sentencing in case No. 98—CF—374, the defendant was found ineligible for probation due to his prior felony conviction in case No. 97—CF—621. Since the conviction in case No. 97—CF—621 no longer exists, we vacate the sentence in case No. 98—CF—374 and remand the cause for resentencing.

### CONCLUSION

For the reasons stated, we vacate the conviction in case No. 97—

CF—621 and remand for further proceedings. The sentence in case No. 98—CF—374 is vacated and the cause is remanded for resentencing.

No. 97—CF—621, Judgment vacated; cause remanded.

No. 98—CF—374, Sentence vacated; cause remanded.

McDADE and SLATER, JJ., concur.