Docket No. 94823–Agenda 12–September 2003.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BENNIE STROUD, Appellee.

Opinion filed January 23, 2004.

JUSTICE THOMAS delivered the opinion of the court:

This case presents the question of whether defendant’s constitutional right to be present at his guilty plea hearing was violated when the circuit court accepted his plea via closed circuit television. Under the facts presented by this case, we hold that it was.

BACKGROUND

On March 23, 1998, defendant, Bennie Stroud, entered a negotiated plea of guilty in the circuit court of Kankakee County to the offense of possession of a stolen motor vehicle (625 ILCS 5/4–103(a)(1) (West 1998)), case No. 97–CF–621. When defendant entered his plea, he was not physically present in the courtroom; rather, he appeared via closed circuit television. Defendant was represented by counsel at the time the plea was taken, and defendant made no objection to his absence from the court or to the fact that the plea was taken through closed circuit television. Pursuant to agreement, defendant was sentenced to two years’ probation. Before accepting the plea, the court advised defendant that any wilful violation of his probation could result in revocation, with a prison sentence of between three and seven years imposed. Following acceptance of the plea, the court advised defendant of his appeal rights, including the necessity of compliance with the requirements of Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)).

On July 1, 1998, the State filed a petition to revoke probation, alleging that subsequent to the above-mentioned case, defendant committed the offense of unlawful possession of a controlled substance, as reflected in case No. 98–CF–374.
(footnote: 1) On November 3, 1998, defendant was found guilty of unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 1998)), case No. 98–CF–374. On December 1, 1998, defendant’s probation for his initial conviction in No. 97–CF–621 was revoked because of the subsequent offense, and defendant was sentenced to seven years in prison for each offense, the sentences to run concurrently. Thereafter, defendant appealed the conviction in No. 98–CF–374 and the probation revocation in No. 97–CF–621. The appeals were consolidated.

The appellate court dismissed defendant’s direct appeal in No. 97–CF–621 for lack of jurisdiction, finding that because defendant had not filed a timely motion to withdraw his guilty plea pursuant to Rule 604(d), he could not attack the guilty plea in the appeal of his probation revocation. 
People v. Stroud
, Nos. 3–98–0981, 3–98–0982 cons. (2000) (unpublished order under Supreme Court Rule 23).

On November 22, 2000, defendant filed a postconviction petition, again arguing that the original guilty plea should be vacated because he entered it via closed circuit television, rather than in person. The State filed a motion to dismiss, arguing that because defendant had not filed a timely motion to withdraw the guilty plea in No. 97–CF–621, he was barred from moving to vacate the plea through his postconviction petition. The trial court granted the State’s motion to dismiss, and defendant appealed.

On review, the appellate court vacated both convictions and remanded for further proceedings in No. 97–CF–621 and for resentencing in No. 98–CF–374. 333 Ill. App. 3d 416. The appellate court found that, although defendant was barred from challenging his guilty plea on direct appeal, nothing prevented him from collaterally attacking his plea in a postconviction proceeding on constitutional grounds. 333 Ill. App. 3d at 419. The court then found that defendant’s plea of guilty over closed circuit television violated his constitutional right to be present at a critical stage of the proceeding. 333 Ill. App. 3d at 419.

We allowed the State’s petition for leave to appeal (see 177 Ill. 2d R. 315) and now affirm the appellate court.

ANALYSIS

The State initially argues before this court that defendant waived his right to challenge his guilty plea. It notes that defendant did not file a motion to withdraw his guilty plea and vacate the judgment as is normally required by Rule 604(d) to bring an appeal. Relying on the rule that “ ‘ “a constitutional right, like any other right of an accused, may be waived, and a voluntary plea of guilty waives all errors or irregularities that are not jurisdictional” ’ ” (
People v. Peeples
, 155 Ill. 2d 422, 491 (1993), quoting 
People v. Del Vecchio
, 105 Ill. 2d 414, 433 (1985), quoting 
People v. Brown
, 41 Ill. 2d 503, 505 (1969)), the State maintains that defendant cannot attack his guilty plea for the first time in a postconviction proceeding.

In response, defendant argues that he can attack his guilty plea in a postconviction petition even though he did not first move to withdraw the plea or attempt to file a direct appeal because the plea itself was not voluntary. Specifically, defendant contends that the plea was involuntary because he was not advised of his right to be physically present in the courtroom at the plea proceeding.

We agree with defendant that the State’s waiver arguments must be rejected. “ ‘Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.’ ” 
People v. Johnson
, 75 Ill. 2d 180, 187 (1979), quoting 
Brady v. United States
, 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756, 90 S. Ct. 1463, 1469 (1970). Thus, a guilty plea does not waive a contention that the plea itself was involuntary because of faulty admonishments. 
People v. Gosier
, 145 Ill. 2d 127, 141-42 (1991); 
People v. Beronich
, 334 Ill. App. 3d 536, 540 (2002). Moreover, such claims may be raised for the first time in a postconviction petition. 
Beronich
, 334 Ill. App. 3d at 540. As we will explain more fully below, this case involves whether and to what extent a trial judge must admonish a defendant of his right to be physically present prior to accepting a guilty plea by closed circuit television. Accordingly, we conclude that the State’s waiver arguments do not apply.

We now turn to the merits of the question of whether defendant had a constitutional right to be physically present at the guilty plea hearing and whether his physical absence requires that his guilty plea be vacated. To support his position, defendant relies upon 
People v. Guttendorf
, 309 Ill. App. 3d 1044 (2000), where the appellate court vacated a defendant’s guilty plea because he was not physically present in court for the plea proceeding, but instead appeared by closed circuit television. Defendant attempts to distinguish this court’s recent decision in
 People v. Lindsey
, 201 Ill. 2d 45 (2002), on the basis that it involved an appearance by closed circuit television at an arraignment and jury waiver hearing, not a guilty plea proceeding. The State in response argues that 
Lindsey
 is controlling and the appellate court’s decision should therefore be reversed.

In 
Lindsey
, this court found that arraignment and jury waiver were “critical stages” at which a defendant generally has a right to be present, but the right is not absolute. 
Lindsey
, 201 Ill. 2d at 56. This court recognized that both the federal and state constitutions afford criminal defendants the general right to be present, not only at trial, but at all critical stages of the proceedings from arraignment to sentencing. 
Lindsey
, 201 Ill. 2d at 55, 57, citing 
Kentucky v. Stincer
, 482 U.S. 730, 745, 96 L. Ed. 2d 631, 647, 107 S. Ct. 2658, 2667 (1987); 
Illinois v. Allen
, 397 U.S. 337, 338, 25 L. Ed. 2d 353, 356, 90 S. Ct. 1057, 1058 (1970); 
People v. Bull
, 185 Ill. 2d 179 (1998). Arraignment amounts to the initiation of formal criminal proceedings and, as such, is “ ‘far from a mere formalism.’ ” 
Lindsey
, 201 Ill. 2d at 55, quoting 
Kirby v. Illinois
, 406 U.S. 682, 689, 32 L. Ed. 2d 411, 418, 92 S. Ct. 1877, 1882 (1972). Because of the importance of arraignment, a defendant’s right to counsel attaches at that time. 
Brewer v. Williams
, 430 U.S. 387, 398, 51 L. Ed. 2d 424, 436, 97 S. Ct. 1232, 1239 (1997); 
Lindsey
, 201 Ill. 2d at 55.

A defendant can plead guilty at arraignment: “ ‘Arraignment’ means the formal act of calling the defendant into open court, informing him of the offense with which he is charged, and asking him whether he is guilty or not guilty.” 725 ILCS 5/102–4 (West 2000). Moreover, section 113–4 of the Code of Criminal Procedure of 1963 (the Code) provides that “[w]hen called upon to plead at arraignment the defendant *** shall plead guilty, guilty but mentally ill, or not guilty” and if defendant pleads guilty such plea shall not be accepted until defendant is fully admonished. But if defendant understandably persists in his plea, it shall be accepted by the court and recorded. 725 ILCS 5/113–4 (West 2000).

Lindsey
 reviewed the holdings of the United States Supreme Court in 
Stincer
 and of this court in 
People v. Bean
, 137 Ill. 2d 65 (1990), and concluded the following:

“[E]ven where a defendant has the general right to be present because the proceeding is a ‘critical’ stage, a defendant’s absence is not a 
per se
 constitutional violation. Rather, a defendant’s absence from such a proceeding will violate his constitutional rights only if the record demonstrates that defendant’s absence caused the proceeding to be unfair or if his absence resulted in a denial of an underlying substantial right.” 
Lindsey
, 201 Ill. 2d at 57.

Applying the above-quoted standard, 
Lindsey
 then found that the record did not demonstrate that the defendant’s physical absence from the courtroom contributed to the unfairness of the proceedings or caused him to be denied any underlying constitutional right. 
Lindsey
, 201 Ill. 2d at 58. 
Lindsey
 observed that, while the defendant was not physically present in the courtroom for his arraignment and jury waiver, he was not entirely absent from the proceedings either. The defendant participated in the proceedings by the closed circuit system, allowing him to interact with the court with relative ease. The overall solemnity of the proceedings was preserved, and the defendant’s ability to defend against the charges was unaffected by his physical absence from the courtroom. 
Lindsey
, 201 Ill. 2d at 58-59. This court concluded by stating its holding as follows:

“In sum, we hold that defendant’s appearances via closed circuit television at arraignment and jury waiver did not render those proceedings unconstitutional. To show a constitutional violation of the right to be present, there must be evidence that defendant’s due process rights were violated by his absence from the courtroom, 
i.e.
, that defendant’s physical absence from the proceedings caused the proceedings to be unfair or that his physical absence from the proceedings resulted in the denial of an underlying constitutional right. There has been no showing on this record. Consequently, we find no constitutional violation.” 
Lindsey
, 201 Ill. 2d at 60.

We find 
Lindsey
 instructive, but not determinative of the outcome, because, unlike the present case involving the constitutionality of a closed circuit television procedure for taking a plea of guilty at a plea proceeding, 
Lindsey
 only considered the propriety of a jury waiver and entry of a not-guilty plea at arraignment by closed circuit television. The number and gravity of the rights at stake at a guilty plea hearing are greater than when a defendant intends to plead not guilty at arraignment. In 
Guttendorf
, the appellate court addressed the precise issue here, concluding that a televised guilty plea is not constitutionally permitted. 
Guttendorf
, 309 Ill. App. 3d at 1047. The court stated the following in explaining the importance of a guilty plea hearing:

“A guilty plea is a critical stage because its direct result is defendant’s conviction. See 
Boykin v. Alabama
, 395 U.S. 238, 242, 23 L. Ed. 2d 274, 279, 89 S. Ct. 1709, 1711-12 (1969). It is an admission of guilt of the criminal acts charged as well as of all material facts alleged in the charging instrument. See 
People v. Johnson
, 28 Ill. 2d 531, 533-34 (1963). This admission rebuts the presumption of innocence. See 
People v. Page
, 38 Ill. 2d 611, 612-13, 232 N.E.2d 689, 690-91 (1967). The entry of a guilty plea results in a waiver of a defendant’s ‘right to a trial by jury and the right to be confronted with the witnesses against him.’ 177 Ill. 2d R. 402. A guilty plea also waives other constitutional rights, such as the fundamental right to present evidence and to raise the privilege against self-incrimination. See 
Boykin
, 395 U.S. at 243, 23 L. Ed. 2d at 279, 89 S. Ct. at 1712.

A guilty plea is a decisive moment for the defendant in the criminal process. The plea obviates the prosecution’s burden of proof. ‘ “It supplies both evidence and verdict, ending controversy.” ’ 
Boykin v. Alabama
, 395 U.S. 238, 242 n.4, 23 L. Ed. 2d 274, 279 n.4, 89 S. Ct. 1709, 1712 n.4 (1969), quoting 
Woodward v. State
, 42 Ala. App. 552, 558, 171 So. 2d 462, 469 (1965). It carries the same finality as a jury verdict. The atmosphere of the courtroom can play a critical, albeit intangible, role in the proceedings, including a hearing on a plea. A courtroom ‘is more than a location with seats for a judge, jury, witnesses, defendant, prosecutor, defense counsel and public observers; the setting that the courtroom provides is itself an important element in the constitutional conception of trial, contributing a dignity essential to “the integrity of the trial” process.’ 
Estes v. Texas
, 381 U.S. 532, 561, 14 L. Ed. 2d 543, 561, 85 S. Ct. 1628, 1642 (1965) (Warren, C.J., concurring, joined by Douglas and Goldberg, JJ.), quoting 
Craig v. Harvey
, 331 U.S. 367, 377, 91 L. Ed. 2d 1546, 1553, 67 S. Ct. 1249, 1256 (1947).

In a televised appearance, crucial aspects of a defendant’s physical presence may be lost or misinterpreted, such as the participant’s demeanor, facial expressions and vocal inflections, the ability for immediate and unmediated contact with counsel, and the solemnity of a court proceeding. In a guilty plea hearing, as in a trial, these components may be lost if a defendant’s appearance is through closed circuit television.” 
Guttendorf
, 309 Ill. App. 3d at 1046-47.

The only other reported case to directly address the 
constitutionality of a plea other than not guilty by closed circuit television is 
State v. Peters
, 237 Wis. 2d 741, 615 N.W.2d 655 (2000). There, the court found that the defendant’s voluntary plea of no contest by closed circuit television to the offense of driving with a revoked license did not violate his due process rights under the United States Constitution, even though he did not specifically waive his right to be physically present. It noted that “courts have recognized that ‘the presence of the defendant is required as a *** condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.’ ” 
Peters
, 237 Wis. 2d at 747, 615 N.W.2d at 659, quoting 
May v. State
, 97 Wis. 2d 175, 186, 293 N.W.2d 478, 483 (1980), citing 
Snyder v. Massachusetts
, 291 U.S. 97, 78 L. Ed. 674, 54 S. Ct. 330 (1934). The court concluded that the defendant’s right to a fair and just hearing was not thwarted by his physical absence. 
Peters
, 237 Wis. 2d at 749, 615 N.W.2d at 660.

Because of its rather scant analysis and because it involved a plea on a misdemeanor charge, we do not find 
Peters
 to be persuasive. 
Peters
 did not discuss 
Snyder
 in any detail, nor did it address the decisions of the Supreme Court in 
United States v. Gagnon
, 470 U.S. 522, 526, 84 L. Ed. 2d 486, 490, 105 S. Ct. 1482, 1484 (1985), and 
Kentucky v. Stincer
, 482 U.S. 730, 745, 96 L. Ed. 2d 631, 647, 107 S. Ct. 2658, 2667 (1987), the three cases that have adumbrated a defendant’s due process right to be present for a trial proceeding. In 
Gagnon
, the United States Supreme Court observed:

“We think it clear that respondent’s rights *** were not violated by the 
in camera
 discussion with a juror. ‘[T]he mere occurrence of an 
ex parte
 conversation between a trial judge and a juror does not constitute a deprivation of any constitutional right. The defense has no constitutional right to be present at every interaction between a judge and a juror, nor is there a constitutional right to have a court reporter transcribe every such communication.’ [Citation.]

The constitutional right to presence is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, 
e.g.
, 
Illinois v. Allen
, 397 U.S. 337 (1970), but we have recognized that this right is protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him. In 
Snyder v. Massachusetts
, 291 U.S. 97 (1934), the Court explained that a defendant has a due process right to be present at a proceeding ‘whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.’ ” 
Gagnon
, 470 U.S. at 526, 84 L. Ed. 2d at 490, 105 S. Ct. at 1484.

In 
Stincer
, the Court added that “a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.” 
Stincer
, 482 U.S. at 745, 96 L. Ed. 2d at 647, 107 S. Ct. at 2667.

Unlike the present case, 
Snyder
, 
Gagnon
 and 
Stincer
 involved short absences from minor portions of trial. In each of the three cases, the Court held that the defendant’s due process rights were not thwarted. In 
Snyder
, the defendant was absent from a jury view of the scene of the crime; in 
Gagnon
, the defendant was absent from a brief 
in camera
 discussion between the trial judge and a juror; and in 
Stincer
, defendant was not present at the competency hearing of a witness where no substantive evidence was addressed. Here, in contrast, defendant was physically absent from the most decisive moment of the criminal proceedings against him. We recognize that he was not entirely absent from the proceedings either, however, because of his closed circuit television appearance. Nevertheless, the importance of the courtroom itself in “ ‘contributing a dignity essential to “the integrity of the trial” process’ ” (
Guttendorf
, 309 Ill. App. 3d at 1046-47, quoting 
Estes v. Texas
, 381 U.S. 532, 561, 14 L. Ed. 2d 543, 561, 85 S. Ct. 1628, 1642 (1965) (Warren, C.J., concurring, joined by Douglas and Goldberg, JJ.)) leads us to conclude that a defendant’s appearance at a guilty plea proceeding via closed circuit television is constitutionally permissible only if the defendant waives the right to physical presence on the record after being advised of his right to be present. Defendant did not specifically waive his right to be bodily in the courtroom. We believe that defendant’s physical presence would have contributed to the fairness of the proceeding. Accordingly, we conclude that defendant’s due process right to be present at the proceeding was violated.

While not dispositive of the constitutional issue, we find support for our conclusion in the legislative stances of the various states on guilty pleas via closed circuit television. The approaches of the states fall into three distinct camps: (1) those that allow defendants to plead guilty by closed circuit television (see, 
e.g
., Mich. Stat. Ann. §767.37a(5) (2000) (the act “does not prohibit the use of 2-way closed circuit television for *** criminal pleas”); N.C. Gen. Stat. Ann. §15A–941(b) (LexisNexis 2002) (plea in a noncapital case may be taken by audio and video transmission); Nev. Rev. Stat. Ann. §178.388(4) (Lexis 2001) (presence of defendant for plea at arraignment is not required if the court has provided for the use of close circuit television)); (2) those that categorically do not allow a guilty plea by closed circuit television (see, 
e.g
., Mont. Code Ann. §46–12–201(5) (2001) (a judge may not accept a plea to a felony if defendant is not physically present in the courtroom)); and (3) those that allow such pleas upon a specific waiver by the defendant of the right to be present (see, 
e.g.
, Cal. Penal Code §977 (West 2003) (guilty plea by closed circuit television allowed upon execution of written waiver of right to be present and stipulation by the parties); Miss. Code Ann. §99–1–23(1)(d) (Supp. 2003) (upon waiver of any right to be present, a personal appearance by means of closed circuit television may be made at “[a]rraignment *** where a plea of guilty is entered”); Mo. Ann. Stat. §561.031 (West Supp. 2003) (plea of guilty may be entered at arraignment via closed circuit television upon waiver of any right such person might have to be physically present); Tex. Code Crim. Proc. Ann. art. 27.18(a) (West 2003) (court may accept a guilty plea or a waiver by closed circuit video teleconferencing upon written consent to the procedure by the defendant and prosecutor)).

The State of Missouri appears to have enacted the most comprehensive legislation on the use of closed circuit television. The Missouri statute provides in relevant part as follows:

“1. In the following proceedings, *** when the physical appearance in person in court is required of any person held in a place of custody or confinement, such personal appearance may be made by means of two-way audio visual communication, including but not limited to, closed circuit television or computerized video conferencing; provided that such audio-visual communication facilities provide two-way audio-visual communication between the court and the place of custody or confinement and that a full record of such proceedings be made by split-screen imaging and recording of the proceedings in the courtroom and the place of confinement or custody in addition to such other record as may be required:

(1) First appearance before an associate circuit judge on a criminal complaint;

(2) Waiver of preliminary hearing;

(3) Arraignment on an information or indictment where a plea of not guilty is entered;

(4) Arraignment on an information or indictment where 
a plea of guilty is entered upon waiver of any right such person might have to be physically present
;

(5) Any pretrial or posttrial criminal proceeding not allowing cross-examination of witnesses;

(6) Sentencing after conviction at trial upon waiver of any right such person might have to be physically present;

(7) Sentencing after entry of a plea of guilty; and

(8) Any civil proceeding other than trial by jury.

2. This section shall not prohibit other appearances via closed circuit television upon waiver of any right such person held in custody or confinement might have to be physically present.” (Emphasis added.) Mo. Rev. Stat. §561.031 (2002).

In 
Guinan v. State
, 769 S.W.2d 427, 430-31 (Mo. 1989), the Missouri Supreme Court rejected a challenge to the constitutionality of the above-quoted statute in a case where defendant’s postconviction hearing was conducted by closed circuit television.

More recently, the Federal Rules of Criminal Procedure have been amended to allow the taking of a defendant’s plea at arraignment by closed circuit television. See Fed. R. Crim. P. 10(c). Specifically, Rule 10(c) now provides that “[v]ideo teleconferencing may be used to arraign a defendant if the defendant consents.” Fed. R. Crim. P. 10(c). The advisory committee notes explain that “[a]lthough the rule requires the defendant to waive a personal appearance for an arraignment, the rule does not require that the waiver for video teleconferencing be in writing. Nor does it require that the defendant waive that appearance in open court. It would normally be sufficient for the defendant to waive an appearance while participating through video teleconference.” Fed. R. Crim. P. 10(c), Advisory Committee Notes.

Because the federal rules prior to their amendment required the defendant’s physical presence at arraignment, there is a paucity of federal case law addressing the constitutionality of pleas by closed circuit television. In 
Valenzuela-Gonzalez v. United States
, 915 F.2d 1276, 1280 (9th Cir. 1990), the court found that the defendant’s not-guilty plea at arraignment by closed circuit television was improper because the preamended rules required the defendant’s physical presence. The court then commented, however, that the protections established by the rules were “broader than the constitution provides.” 
Valenzuela-Gonzalez
, 915 F.2d at 1280; 
cf.
 
United States v. Melgoza
, 248 F. Supp. 2d 691 (S.D. Ohio 2003) (interpreted the amended federal rules as prohibiting a defendant’s request to plead guilty by video teleconferencing, but did not address the constitutionality of such a procedure).

The majority of jurisdictions that have considered the issue allow a guilty plea by closed circuit television with the precaution that it be allowed only upon waiver by the defendant. We believe that this is the best approach, as well as the only constitutionally permissible one that would allow a guilty plea by television. In contrast to the statutes of many other states and the federal rules, the Illinois statute is not as clear about the kinds of proceedings that may be conducted by closed circuit television or whether the defendant’s consent to the procedure would be required. Specifically, section 106D–1(a) of the Code states that “[w]hen a defendant’s personal appearance is not required by the Constitution of the United States or Illinois Constitution, the court may allow the defendant to personally appear at any pre-trial or post-trial proceeding by way of closed circuit television when: (a) the court has authorized the use of closed circuit television and has by rule or order set out the type of proceedings that may be conducted by closed circuit television.” 725 ILCS 5/106D–1(a) (West 2000); see 
Lindsey
, 201 Ill. 2d at 62-63. We hold today that a defendant’s physical presence at a guilty plea proceeding is constitutionally required unless he consents to having the plea taken by closed circuit television. Like the advisory committee to the federal rules, we believe that it would normally satisfy constitutional considerations for the defendant to waive his physical appearance in court by stating so on the record while participating through closed circuit television. We further add that an admonishment about the right to be physically present should be given by the trial judge at the beginning of the guilty plea proceeding as part of the admonitions required by Supreme Court Rule 402 (177 Ill. 2d R. 402), unless the defendant has previously given his written consent to the closed circuit procedure. Because defendant’s plea was taken without him specifically waiving his right to be present, we affirm the judgment of the appellate court, which vacated defendant’s convictions and remanded the cause for further proceedings.

CONCLUSION

For the foregoing reasons, we conclude that defendant’s closed circuit television appearance at his guilty plea proceeding, without his consent on the record, violated his constitutional rights. Accordingly, we affirm the judgment of the appellate court.

Affirmed.

FOOTNOTES
1:     
1
The June 9, 1998, indictment in case No. 98–CF–374 actually charged defendant with unlawful delivery of a controlled substance within 1,000 feet of school property, a Class 1 felony (720 ILCS 570/401(d), 407(b)(2) (West 1998)). However, on November 3, 1998, defendant was convicted in No. 98–CF–374 of the lesser-included offense of unlawful delivery of a controlled substance, a Class 2 felony (720 ILCS 570/401(d) (West 1998)).