# Illinois Official Reports

## Appellate Court

---

**People v. Hood, 2014 IL App (1st) 113534**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY HOOD, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-11-3534 |
| Filed | October 6, 2014 |
| Rehearing denied | October 30, 3014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for aggravated battery of a senior citizen was reversed and the cause was remanded for a new trial, where defendant's counsel waived defendant's appearance at the evidence deposition of the victim but there was nothing in the record showing that defendant waived his right to appear at the deposition, and under the circumstances, defendant proved that plain error occurred by showing that he did not knowingly or voluntarily waive his substantial right to confront the witness against him. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-CR-14515; the Hon. Lawrence E. Flood, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Shawn O'Toole, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, Kathleen Warnick, and Margaret G. Lustig, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Delort concurred in the judgment and opinion.
Justice Connors dissented, with opinion.

## OPINION

¶ 1 A jury convicted defendant, Terry Hood, of aggravated battery to a senior citizen causing great bodily harm. Prior to trial, the State conducted an evidence deposition of the complaining witness pursuant to Illinois Supreme Court Rule 414 in which the witness identified defendant as his attacker. Ill. S. Ct. R. 414 (eff. Oct. 1, 1971). Defense counsel attended the deposition and conducted cross-examination, but defendant did not attend. Over six months after the deposition, the State informed the circuit court that the defense had waived defendant's appearance at the deposition, but that the waiver did not appear on the record. Defense counsel agreed that she waived defendant's appearance at the deposition.

¶ 2 Defendant asks this court to review, under the second prong of the plain-error doctrine, whether he knowingly and voluntarily waived his right to confront the witness against him at the evidence deposition. We hold defendant has satisfied his burden of proving plain error because he has shown that he did not knowingly or voluntarily waive his confrontation rights and that his claim of error involved a substantial right, *i.e.*, his right to confront the witness against him as guaranteed by both the federal and state constitutions.

## JURISDICTION

¶ 4 The circuit court sentenced defendant on October 19, 2011. On that same day, defendant timely filed his notice of appeal. Accordingly, this court has jurisdiction pursuant to article VI, section 6, of the Illinois Constitution and Illinois Supreme Court Rules 603 and 606, governing appeals from a final judgment of conviction in a criminal case entered below. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. Rs. 603, 606 (eff. Feb. 6, 2013).

## BACKGROUND

¶ 6 The State charged defendant by indictment with three counts of attempted murder, home invasion, aggravated battery, aggravated unlawful restraint, and aggravated battery of a senior

citizen in connection to a battery inflicted upon 69-year-old Robert Bishop, Jr., in May of 2007.[1]

¶ 7    On February 25, 2008, the State filed a motion seeking to take an evidence deposition of Bishop pursuant to Illinois Supreme Court Rule 414(a) due to the "substantial possibility" that he would not be available to testify at trial due to the serious nature of the injuries he sustained. Ill. S. Ct. R. 414(a) (eff. Oct. 1, 1971). The State asserted in its motion that it would "provide the opportunity for confrontation and cross-examination of the witness to the defendant and h[is] attorney." In response, defendant argued Bishop's injuries suggested that he was unable to communicate and that the staff at the nursing home where Bishop resided "continuously documented that Mr. Bishop can only shake his head for yes/no responses." Defendant argued further that although he did not believe that Bishop's condition would allow meaningful cross-examination, he asked that the court determine, with the help of medical testimony, Bishop's competency to testify according to section 115-14 of the Code of Criminal Procedure of 1963. 725 ILCS 5/115-14(c) (West 2008). The circuit court granted the State's motion on March 10, 2008, "with one caveat." The circuit court explained that if Bishop could only shake his head to communicate, then the deposition would not be admissible.

¶ 8    On March 31, 2008, Bishop's video deposition was taken in the presence of Assistant Public Defenders (APD) Lisa Boughton and Crystal Carvellos and Assistant State's Attorney (ASA) Sherry DeDore. Defendant was not present at the video deposition.[2] Bishop testified he had been in the hospital and was then in a nursing home because defendant attacked him. He lived on the first floor while defendant lived on the second or third floor. He testified that he had occasional money problems with defendant. Regarding the attack, Bishop testified that defendant hit him twice in the head with a hammer. He could not recall anything else. When shown a picture of his bedroom, he identified it as the location of the attack. He identified a photograph of the hammer found in his apartment as defendant's hammer. On cross-examination, Bishop recalled meeting ASA DeDore on two prior occasions and that he had seen the photographs. He testified that he had lived with defendant in the past. He also believed the hammer belonged to defendant.

¶ 9    The circuit court held status hearings on April 1, May 1, June 9, July 17, August 27, and September 25 of 2008. The parties made no mention of defendant's absence from Bishop's evidence deposition at any of the above hearing dates. On October 22, 2008, defendant, APD Boughton, and ASA DeDore were present at a status hearing before the circuit court. The following occurred at the end of the hearing.

"MS. DE DORE [ASA]: Judge, there was also a matter that had not previously been put on the record. When we took the victim's evidence deposition I had initially requested that the defendant be brought over by the sheriffs. We had some discussion, counsel and I, and apparently the defendant's presence was not desired by the defense

---

[1]The parties in their briefs before this court each state that the incident occurred in 2008. Our review of the record, including the indictment, however, shows that the incident occurred in 2007.

[2]The footage of the video deposition shows that neither party indicated defendant was present and the parties agree in their briefs before this court that defendant was not present at Bishop's video deposition.

and therefore, I don't believe it's on the record that his presence was waived by them at the evidence deposition. I just want to make sure it's clear on the record.

MS. BOUGHTON [APD]: I don't believe I actually did put that on the record, but I did waive [defendant's] appearance at the evidence deposition."

¶ 10    On January 25, 2011, the State filed an amended motion *in limine* asking that Bishop's deposition testimony be admitted as evidence as an exception to the rule against hearsay pursuant to Illinois Rule of Evidence 804(b) (eff. Jan. 1, 2011). The State argued Bishop had become unavailable due to his injuries, which caused him not to be able to respond to questioning.

¶ 11    On April 7, 2011, the circuit court conducted a hearing to determine whether Bishop's video deposition testimony should be allowed into evidence. Based on the medical testimony presented at the hearing, the circuit court found Bishop to be an unavailable witness and granted the State's motion.

¶ 12    At trial, the State published Bishop's videotaped evidence deposition to the jury. The jury found defendant guilty of aggravated battery of a senior citizen. On October 19, 2011, defendant filed a motion for a new trial, which the circuit court denied. On that same day, the circuit court sentenced defendant to 22 years in prison and denied his motion to reconsider his sentence. Defendant timely appealed.

¶ 13                                        ANALYSIS

¶ 14    Defendant contends the circuit court violated his constitutional right to confront the witnesses against him when it allowed Bishop's video deposition into evidence even though he was not present at the deposition. He acknowledges that his counsel stated on the record at a later proceeding that the defense waived his presence at the deposition, but he argues that the record does not show that he personally and knowingly waived his right to confront Bishop. Defendant further admits that he did not properly preserve this issue for our review, but urges this court to consider the matter under the second prong of the plain-error doctrine because the error involved a substantial constitutional right.

¶ 15    In response, the State argues defendant affirmatively waived this issue because his attorney declined the State's invitation to arrange for defendant to be present at the deposition. The State agrees that defendant did not preserve this issue but argues that defendant has not satisfied his burden of proving plain error.

¶ 16    The plain-error doctrine allows this court to review a procedurally defaulted claim of error that affects a substantial right in two instances: "where the evidence in a case is so closely balanced that the jury's guilty verdict may have resulted from the error and not the evidence" or "where the error is so serious that the defendant was denied a substantial right, and thus a fair trial." *People v. Herron*, 215 Ill. 2d 167, 178-79 (2005); see also Ill. S. Ct. R. 615(a) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."). Defendant bears the burden of persuasion of proving plain error. *People v. McLaurin*, 235 Ill. 2d 478, 495 (2009). Defendant must first, however, show that an error occurred. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010).

¶ 17    A criminal defendant's right to confront the witness used against him or her is protected by the confrontation clauses contained in both the federal constitution, by the sixth amendment,

- 4 -

made applicable to the state through the fourteenth amendment, and the Illinois Constitution. U.S. Const., amend. VI ("In all criminal prosecutions, the accused shall enjoy the right *** to be confronted with the witnesses against him ***."); Ill. Const. 1970, art. I, § 8 (amended Nov. 8, 1994) ("In criminal prosecutions, the accused shall have the right *** to be confronted with the witness against him or her ***."). "The central concern of the confrontation clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *People v. Lofton*, 194 Ill. 2d 40, 56 (2000). Included in the right to confront witnesses is the right to view and hear witness testimony, and the right to help defense counsel with cross-examination. *Id.* at 60.

¶ 18    Confrontation errors are constitutional violations, but, as with other rights a defendant holds, he or she may waive such a right. *Id.* at 61; *People v. Stroud*, 208 Ill. 2d 398, 402 (2004). Although constitutional rights may be waived, "[t]here is a presumption against the waiver of constitutional rights." *People v. Campbell*, 208 Ill. 2d 203, 211 (2003). For a waiver to be effective " 'it must be clearly established that there was an "intentional relinquishment or abandonment of a known right or privilege." ' " *Id.* (quoting *Brookhart v. Janis*, 384 U.S. 1, 4 (1966), quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Our supreme court has explained: " ' "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." ' " *Stroud*, 208 Ill. 2d at 403 (quoting *People v. Johnson*, 75 Ill. 2d 180, 187 (1979), quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

¶ 19    We hold defendant has shown error occurred in this case. Prior to Bishop's March 31, 2008, evidence deposition, the record is devoid of any mention of defendant waiving his right to confront Bishop, despite the State's indicated willingness to accommodate defendant as stated in its motion. At Bishop's evidence deposition, which defendant did not attend, there is no mention on the videotape that defendant had waived his confrontation rights. Over six months later, at an October 22, 2008, hearing, the State informed the court that defense counsel waived defendant's presence at the evidence deposition because "the defendant's presence was not desired by the defense." Defense counsel agreed, stating "I did waive [defendant's] appearance at the evidence deposition." The circuit court conducted status hearings on April 1, May 1, June 9, July 17, August 27, and September 25 of 2008 where no mention was made of defendant's waiver of his right to confront Bishop. Accordingly, as the above facts demonstrate, there is no mention in the record of defendant waiving his confrontation rights prior to, at, or even immediately after the March 31, 2008, evidence deposition. The record does not mention defendant's waiver until over six months after the deposition had occurred, in which the State and defense counsel refer to an alleged off-the-record waiver. Although constitutional rights may be waived, there is a presumption against waiver and any waiver must be a knowing, voluntary act with awareness of the consequences. *Campbell*, 208 Ill. 2d at 211; *Stroud*, 208 Ill. 2d at 403. Such a waiver must also be shown to be an abandonment or intentional relinquishment of a known right. *Campbell*, 208 Ill. 2d at 211. Based on the record before us, we cannot say the requirements of a valid waiver of a constitutional right were satisfied here where there is no mention of defendant's waiver until over six months after it allegedly occurred. There is nothing in the record showing that defendant knew of his right to confront Bishop or the consequences of waiving that right or that defendant acted voluntarily and intentionally in waiving that right.

¶ 20    Although defendant has shown error occurred here, he still must satisfy either one of the prongs of the plain-error doctrine. Defendant raises his claim of error only under the second prong of the plain-error doctrine, which allows a court of review to reach a procedurally defaulted claim of error "where the error is so serious that the defendant was denied a substantial right, and thus a fair trial." *People v. McLaurin*, 235 Ill. 2d 478, 489 (2009). Prejudice is presumed under the second prong of the plain-error doctrine due to the importance of the right involved. *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). Our supreme court has described a criminal defendant's right to confront the witness against him or her as "a fundamental right." *People v. Campbell*, 208 Ill. 2d 203, 211 (2003) ("The right of an accused to confront the witnesses against him is a fundamental right made obligatory on the states through the fourteenth amendment."). Our supreme court has also, albeit in the context of a defendant's right of presence at trial, described the right to confront witnesses as a substantial right. *People v. Bean*, 137 Ill. 2d 65, 82 (1990). Accordingly, based on the constitutional and substantial nature of defendant's right to confront the witnesses against him, we hold defendant's claim of error in this case concerns a substantial right reviewable under the second prong of the plain-error doctrine. As such, defendant has satisfied his burden of proving plain error occurred in this case.

¶ 21    Although we hold that the requirements of a valid waiver of a constitutional right were not satisfied here, we further hold defendant did not waive his confrontation rights pursuant to Illinois Supreme Court Rule 414. Ill. S. Ct. R. 414(e) (eff. Oct. 1, 1971). Rule 414 provides that defendant and defense counsel may waive defendant's confrontation rights at a deposition conducted under Rule 414 in a written filing. Ill. S. Ct. R. 414(e) (eff. Oct. 1, 1971) ("The defendant and defense counsel shall have the right to confront and cross-examine any witness whose deposition is taken. The defendant and defense counsel may waive such right in writing, filed with the clerk of the court."). This court has held that it is error to admit evidence of such a deposition without a written waiver. *People v. Spain*, 285 Ill. App. 3d 228, 240 (1996). The parties agree that no written waiver appears in the record.

¶ 22    The State argues, and defendant admits, that defendant failed to allege noncompliance with Rule 414(e) in his opening brief. Typically, this omission would result in a procedural default of the claim of error. See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) ("Points not argued are waived ***."); Ill. S. Ct. R. 612(i) (eff. Feb. 6, 2013). In this case, however, our relaxation of the forfeiture rule is based on a plain error affecting fundamental fairness of the proceeding. *In re Darius G.*, 406 Ill. App. 3d 727, 732 (2010). Furthermore, forfeiture is a limitation on the parties, not the reviewing court. *Id.* We acknowledge that in *People v. Glasper* our supreme court held that "[t]he violation of a supreme court rule does not mandate reversal in every case." *People v. Glasper*, 234 Ill. 2d 173, 193 (2009). The *Glasper* court reasoned that the error in question in *Glasper* did "not involve a fundamental right, or even a constitutional protection." *Id.* Rather, "[t]he error involve[d] a right made available only by rule of this court." *Id.* In this case, however, the right in question, defendant's right to confront the witnesses against him, is a fundamental right. *Campbell*, 208 Ill. 2d at 211 ("The right of an accused to confront the witnesses against him is a fundamental right made obligatory on the states through the fourteenth amendment."). Therefore, we hold it is amenable to plain-error review. Accordingly, we hold defendant also did not validly waive his confrontation rights pursuant to Illinois Supreme Court Rule 414. Ill. S. Ct. R. 414(e) (eff. Oct. 1, 1971).

¶ 23     We note that our review of the entire record in this case shows there was sufficient evidence to prove defendant guilty beyond a reasonable doubt. This finding removes the risk of subjecting defendant to double jeopardy. See *People v. Taylor*, 76 Ill. 2d 289, 309-10 (1979).

¶ 24                              CONCLUSION

¶ 25     For the reasons stated, we reverse defendant's conviction and remand the matter for a new trial.

¶ 26     Reversed and remanded.

¶ 27     JUSTICE CONNORS, dissenting.

¶ 28     I disagree with the majority opinion insofar as it finds that defendant's absence from the victim's deposition amounted to second-prong plain error. Under the second prong of plain-error review, the error must be so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). In *People v. Glasper*, 234 Ill. 2d 173 (2009), our supreme court equated the second prong of plain-error review with structural error, asserting that "automatic reversal is only required when an error is deemed 'structural,' *i.e.*, a systematic error which serves to 'erode the integrity of the judicial process and undermine the fairness of the defendant's trial.' " *Glasper*, 234 Ill. 2d at 197-98 (quoting *Herron*, 215 Ill. 2d at 186). "An error is typically designated as structural only if it necessarily renders a criminal trial fundamentally unfair or an unreliable means of determining guilt or innocence." *People v. Thompson*, 238 Ill. 2d 598, 609 (2010). The supreme court has recognized an error as structural only in a very limited class of cases, including: "a complete denial of counsel, trial before a biased judge, racial discrimination in the selection of a grand jury, denial of self-representation at trial, denial of a public trial, and a defective reasonable doubt instruction." *Thompson*, 238 Ill. 2d at 609. Notably absent from this list is a defendant's right to confront the witnesses against him, let alone a defendant's right to be present at a witness's deposition.

¶ 29     While the confrontation clause represents a preference for face-to-face confrontation, that preference must occasionally give way to considerations of public policy and the necessities of the case. *People v. Cuadrado*, 214 Ill. 2d 79, 89 (2005). In *People v. McClendon*, 197 Ill. App. 3d 472, 481 (1990), this court found that the admission of a witness's videotaped statement, which defendant was not present for, did not violate defendant's right to a face-to-face confrontation with the witness and thus did not amount to plain error. Here, as in *McClendon*, the victim was unavailable to testify at trial, his deposition was taken under oath, and he was subject to cross-examination by defense counsel. Accordingly, I would find that the admission of the statement did not violate defendant's right to a face-to-face confrontation with the witness and did not amount to plain error. *McClendon*, 197 Ill. App. 3d at 483-84 (where the pathologist was unavailable, his deposition was taken under oath, and the witness was subject to cross-examination by defense counsel, the admission of the statement did not violate the defendant's right to a face-to-face confrontation with the witness).

¶ 30     While the court in *People v. Salgado*, 2012 IL App (2d) 100945, stated that the right to confront witnesses is a substantial right under the second prong of plain error, there was no accompanying analysis. Specifically, the court failed to acknowledge our supreme court's

discussion in both *Glasper* and *Thompson*, wherein it equated the second prong of plain-error review with structural error. Additionally, the defendant in *Salgado* was absent from the courtroom during certain witness testimony, which the court found was a violation of his confrontation rights. In the case at bar, however, it was not defendant's absence from the courtroom that instigated this appeal. Rather, it was his absence from an evidence deposition. Moreover, the only reason why the victim was not subsequently in the courtroom at trial was due to defendant's own wrongdoing. See *People v. Stechly*, 225 Ill. 2d 246, 331 (2007) (Thomas, C.J., dissenting, joined by Karmeier, J.) (defendant forfeited his confrontation rights because the witness's unavailability at trial was caused by defendant's intentional criminal act). For the foregoing reasons, I would find that defendant's claim did not rise to the level of second-prong plain error and affirm the trial court's decision.