# Illinois Official Reports

## Supreme Court

---

### *People v. Hood*, 2016 IL 118581

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. TERRY HOOD, Appellee. |
| Docket No. | 118581 |
| Filed | September 22, 2016 |
| Rehearing denied | November 21, 2016 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Lawrence E. Flood, Judge, presiding. |
| Judgment | Appellate court judgment reversed. <br> Circuit court judgment affirmed. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Kathleen Warnick, Michelle Katz, and Iris G. Ferosie, Assistant State's Attorneys, of counsel), for the People. <br><br> Michael J. Pelletier, State Appellate Defender, Patricia Mysza, Deputy Defender, and Shawn M. O'Toole, of the Office of the State Appellate Defender, of Chicago, for appellee. |

Justices          JUSTICE BURKE delivered the judgment of the court, with opinion.
Chief Justice Garman and Justices Freeman, Thomas, Kilbride, Karmeier, and Theis concurred in the judgment and opinion.

# OPINION

¶ 1     The principal issue presented in this appeal is whether the defendant's right to confrontation under the sixth amendment was violated when the circuit court of Cook County admitted into evidence a video deposition given by the complaining witness prior to trial. The appellate court held that the admission of the deposition amounted to plain error. 2014 IL App (1st) 113534. For the reasons that follow, we reverse.

¶ 2                              BACKGROUND

¶ 3     On May 8, 2007, Robert Bishop Jr., 69 years old, was found in his apartment bound, gagged, and severely beaten. The defendant, Terry Hood, was arrested for the attack and, on July 2, 2007, charged via indictment with multiple counts of attempted first degree murder, aggravated battery, aggravated battery of a senior citizen, home invasion, and aggravated unlawful restraint.

¶ 4     On February 25, 2008, the State filed a motion seeking to depose Bishop pursuant to Illinois Supreme Court Rule 414 (eff. Oct. 1, 1971). Rule 414 allows the court to order the taking of an evidence deposition if there is a "substantial possibility" that the witness will not be available to testify at trial. In its motion, the State argued that such a possibility existed in this case because Bishop had sustained serious head injuries during the attack and his condition was likely to deteriorate. The motion also stated that defendant would be provided "the opportunity for confrontation and cross-examination of the witness."

¶ 5     Defendant objected to the State's motion, arguing that Bishop was only able to communicate by shaking his head yes or no. Defendant maintained, therefore, that Bishop's condition would not allow for meaningful cross-examination.

¶ 6     On March 10, 2008, the circuit court granted the State's motion to depose Bishop, with the caveat that if Bishop could only shake his head to communicate, the deposition would be inadmissible. The first paragraph of the circuit court's order granting the State's motion directed that the deposition take place on March 31, 2008, at the nursing home where Bishop was then residing. The second paragraph of the circuit court's order stated:

> "That the Cook County Sheriff's Office transport defendant Terry Hood *** to the above scheduled evidence deposition, *over the objection of the defendant*."

The italicized portion of the second paragraph was handwritten. The entire paragraph was then scribbled over, or scratched out, by hand.

¶ 7     Bishop's video deposition took place as scheduled on March 31. An assistant State's Attorney and two assistant public defenders were present. Defendant did not attend.

¶ 8     In the deposition, Bishop stated he had been in the hospital and was now in a nursing home because defendant had attacked him. Bishop recalled that defendant had hit him in the head twice with a hammer, but Bishop could not recall what happened after that. Bishop

identified a photograph of the hammer recovered from his apartment as defendant's hammer. Bishop said he struggled with defendant over the hammer before he was hit with it. On cross-examination, Bishop stated that an assistant State's Attorney twice visited him in the nursing home and that photographs had been shown to him before the deposition. Bishop remembered that he had shared an apartment with defendant for a period of time.

¶ 9 Several months later, at a status hearing held on October 22, 2008, at which defendant was present, the following was placed on the record:

> "[ASSISTANT STATE'S ATTORNEY]: Judge, there was also a matter that had not previously been put on the record. When we took the victim's evidence deposition I had initially requested that the defendant be brought over by the sheriffs. We had some discussion, counsel and I, and apparently the defendant's presence was not desired by the defense and therefore, I don't believe it's on the record that his presence was waived by them at the evidence deposition. I just want to make sure it's clear on the record.

> [ASSISTANT PUBLIC DEFENDER]: I don't believe I actually did put that on the record, but I did waive [defendant's] appearance at the evidence deposition.

> [ASSISTANT STATE'S ATTORNEY]: Your Honor, just so you know, we believe that that is important insofar as the evidence deposition is concerned because I have recently seen the victim and I'm waiting to speak to his—I have spoken to the nursing home, but I do not believe that he will be able mentally to testify, and I do believe we will be seeking to use the evidence deposition.

> THE COURT: Okay. November 20th."

¶ 10 On January 25, 2011, the State filed an amended motion *in limine* to admit Bishop's evidence deposition as an exception to the rule against hearsay under Illinois Rule of Evidence 804(b)(1) (eff. Jan. 1, 2011). In its motion, the State maintained that Bishop was unable to respond to questioning due to his injuries and, thus, was not available to testify.

¶ 11 On April 7, 2011, a hearing was held to determine whether Bishop's deposition should be admitted into evidence. The State presented testimony from Bishop's attending physician. Defendant objected to the admission of the deposition, contending that Bishop's injuries were not so severe that he was unavailable to testify. Defendant did not raise any constitutional objection to the admission of the deposition.

¶ 12 Following the hearing, the circuit court concluded it was clear from the attending physician's testimony that Bishop's mental condition rendered him unavailable to testify. The court therefore admitted the deposition. Thereafter, the circuit court stated:

> "Now the issue is whether or not your client would have the opportunity to confront the witness and whether you would have *** the opportunity to cross-examine the witness.

> By way of the evidence deposition, there has been no objection raised to that, so my understanding is that you did have the opportunity."

¶ 13 At trial, the jury heard testimony from neighbors in Bishop's apartment building who heard arguing between defendant and Bishop before the attack, testimony from a witness that defendant had admitted to the crime, and DNA evidence that tended to implicate defendant. Bishop's video deposition was also published to the jury. At the close of trial, the jury found

defendant guilty of aggravated battery of a senior citizen causing great bodily harm. Defendant was sentenced to 22 years in prison.

¶ 14 On appeal, defendant argued for the first time that the admission of Bishop's deposition at trial violated his right to confrontation under the sixth amendment because he was not present during the taking of the deposition. A divided appellate court agreed, finding that the admission of the deposition amounted to plain error. 2014 IL App (1st) 113534.

¶ 15 We granted the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2013).

¶ 16 ANALYSIS

¶ 17 Defendant's primary claim on appeal is that the circuit court violated his sixth amendment right to confrontation when it admitted Bishop's video deposition into evidence at trial.[1] Defendant acknowledges that he did not raise any sixth amendment objection before the circuit court and, therefore, his claim has been forfeited on appeal. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Defendant maintains, however, that the admission of the deposition may be reviewed for plain error.

¶ 18 Under the plain error doctrine, a reviewing court may address a forfeited claim in two circumstances: "(1) where a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error and (2) where a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Belknap*, 2014 IL 117094, ¶ 48; Ill. S. Ct. R. 615(a). In applying the plain error doctrine, it is appropriate to determine first whether error occurred at all (*People v. Hillier*, 237 Ill. 2d 539, 545 (2010)) because "without error, there can be no plain error" (*People v. Smith*, 372 Ill. App. 3d 179, 181 (2007) (citing *People v. Wade*, 131 Ill. 2d 370, 376 (1989))).

¶ 19 Defendant's claim of error rests solely on the confrontation clause of the sixth amendment to the United States Constitution (U.S. Const., amend. VI).[2] This provision, made applicable to the states through the fourteenth amendment (*Pointer v. Texas*, 380 U.S. 400, 407-08 (1965)), guarantees the right of an accused in a criminal prosecution to "be confronted with the witnesses against him" (U.S. Const., amend. VI). The confrontation clause "provides two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination." *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987). Defendant maintains that, because he was not present during the taking of Bishop's deposition, the admission of the deposition at trial violated his right to confrontation.

---

[1]Defendant does not bring a separate challenge under the confrontation clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 8) or argue that he is entitled to greater protection under that provision.

[2]Bishop's deposition was hearsay intended to assert the truth of the matters contained therein. On appeal, defendant does not challenge the circuit court's ruling that the deposition was admissible as a hearsay exception under Illinois Rule of Evidence 804(b)(1). See *People v. Melchor*, 226 Ill. 2d 24, 34-35 (2007) (in evaluating the admissibility of out-of-court statements, the first step is to determine whether the statement may be admitted as an evidentiary matter).

¶ 20    The constitutionality of admitting an out-of-court statement at trial is governed by *Crawford v. Washington*, 541 U.S. 36 (2004). In *Crawford*, the United States Supreme Court held that a defendant's sixth amendment confrontation rights are implicated at trial if the State seeks to admit into evidence statements that are "testimonial." If the statements are testimonial, then their admission is only constitutionally permissible if the State is able to establish both that the declarant is unavailable to testify at trial and, in addition, that the defendant had a prior opportunity to cross-examine the declarant. Stated otherwise, *Crawford* holds that the confrontation clause prohibits the "admission of testimonial statements of a witness who did not appear at trial unless [the witness] was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Id.* at 53-54. See also *Bullcoming v. New Mexico*, 564 U.S. 647, 657 (2011) ("[a]s a rule, if an out-of-court statement is testimonial in nature, it may not be introduced against the accused at trial unless the witness who made the statement is unavailable and the accused has had a prior opportunity to confront that witness").

¶ 21    Although the appellate court below acknowledged that the issue in this case is whether the circuit court violated defendant's "constitutional right to confront the witnesses against him when it allowed Bishop's video deposition into evidence" (2014 IL App (1st) 113534, ¶ 14), the appellate court did not apply the test set forth in *Crawford*. Indeed, the appellate court did not mention *Crawford* at all. This was error.

¶ 22    Under the supremacy clause of the federal constitution (U.S. Const., art. VI, cl. 2) "[w]e are bound to follow the United States Supreme Court's interpretation of the Constitution of the United States." *People v. Wagener*, 196 Ill. 2d 269, 287 (2001). This means that when the Supreme Court adopts a particular framework for applying a federal constitutional provision, we are required to follow that framework, regardless of how other courts, including this one, may have approached the issue in other decisions. *People v. Hale*, 2013 IL 113140, ¶ 20. Accordingly, in this case, we have no discretion to follow any approach other than the one established in *Crawford*.

¶ 23    Under *Crawford*, the threshold question we must address to determine whether the admission of Bishop's video deposition was constitutionally permissible is whether the deposition was testimonial. There is no question that it was, as *Crawford* itself recognized depositions as being core, testimonial statements. *Crawford*, 541 U.S. at 51-52.

¶ 24    Because Bishop's deposition was a testimonial statement, the State was required to demonstrate Bishop's unavailability to testify at trial. *Id.* at 53-54. That showing was made here. During the hearing on whether Bishop's deposition could be admitted under Illinois Rule of Evidence 804(b)(1), the circuit court heard medical testimony from Bishop's attending physician which established that, at the time of trial, Bishop was living in a nursing home and was unable to care for himself. In addition, the testimony established that Bishop was suffering from severe dementia, had no awareness of his environment, and was unable to communicate in any meaningful way. The record thus confirms that Bishop was unavailable to testify within the meaning of *Crawford*.

¶ 25    For Bishop's deposition to be admissible, the State was also required to show that defendant had a "prior opportunity to cross-examine" Bishop. *Crawford*, 541 U.S. at 53-54. A prior opportunity to cross-examine means that the defendant once had the opportunity " 'of seeing the witness face to face, and of subjecting him to the ordeal of a cross-examination.' "

*Id.* at 57 (quoting *Mattox v. United States*, 156 U.S. 237, 244 (1895)). This, *Crawford* states, the defendant " 'shall under no circumstances be deprived of . . . .' " *Id.* (quoting *Mattox*, 156 U.S. at 244).

¶ 26    In this case, defendant was never barred or prevented from attending Bishop's deposition. To the contrary, the February 2008 motion filed by the State seeking to depose Bishop expressly stated that the State was providing defendant with the opportunity to be present at the deposition and to cross-examine Bishop. Thus, from the start, defendant was on notice that he could attend the deposition if he chose to do so.

¶ 27    Further, the second paragraph of the circuit court's March 2008 order for the deposition originally stated that the Cook County sheriff was to transport defendant to the deposition "over the objection of the defendant." This paragraph was then crossed out by hand. From this, we conclude that defendant was fully aware that the deposition had been ordered to take place and was fully aware that he had the opportunity to be present at the deposition but that he chose, for whatever reason, not to attend. This understanding of the record is confirmed by the subsequent statements made by defense counsel in October 2009, where counsel indicated that defendant's appearance at the deposition had been waived.

¶ 28    In addition, two public defenders were present at Bishop's deposition. Both attorneys understood the significance of the deposition and subjected Bishop to a full cross-examination. On this record, we conclude that defendant was afforded a "prior opportunity to cross-examine" Bishop as required under *Crawford*.

¶ 29    Because the State established both the unavailability of Bishop at trial and that defendant had a prior opportunity to cross-examine Bishop, the admission of the video deposition did not violate *Crawford*. And, because there was no error in the admission of the deposition, there was no plain error.

¶ 30    Defendant also contends, however, that the admission of Bishop's deposition violated his right to be present under the due process clause of the federal constitution (U.S. Const., amend. XIV). Defendant again acknowledges that he did not raise this claim in the circuit court but argues that it may be reviewed for plain error.

¶ 31    The due process right to be present is considered a "lesser right," meaning that the right is violated only when the defendant's absence results in the loss of an underlying substantial right or in an unfair proceeding. *People v. Bean*, 137 Ill. 2d 65, 80-84 (1990). Defendant contends that, in this case, he was deprived of the substantial right to confrontation because he was absent from Bishop's deposition and that deposition was subsequently admitted into evidence at trial. Thus, defendant asserts, his due process rights were violated and plain error occurred. We disagree. As noted previously, defendant's confrontation rights were not violated in this case. Thus, there was no violation of an underlying substantial right and, necessarily, no plain error.

¶ 32    Finally, defendant contends that the circuit court violated Illinois Supreme Court Rule 414(e) (eff. Oct. 1, 1971) when it admitted Bishop's deposition into evidence at trial without having obtained a statement from defendant, in writing, that he did not want to attend the deposition. Rule 414(e) provides:

> "The defendant and defense counsel shall have the right to confront and cross-examine any witness whose deposition is taken. The defendant and defense counsel may waive such right in writing, filed with the clerk of the court."

Once again, defendant acknowledges that he did not raise this claim in the circuit court, and he asks us to review the claim for plain error.

¶ 33     Defendant has not cited, and we have not found, any authority which holds that, under the confrontation clause, a defendant who did not attend a deposition must have waived, in writing, the opportunity to be present in order for the deposition to be admissible at trial. The Rule 414(e) written waiver is thus not a constitutional requirement. Instead, the written waiver helps insure that the defendant is given notice of and provided with the opportunity to confront and cross-examine the witness being deposed. In this way, if the State subsequently seeks to admit the deposition at trial, the defendant's rights under *Crawford* will have been secured.

¶ 34     Here, although the circuit court erred in not obtaining the written waiver, it is clear that defendant knew that the deposition had been ordered to take place and knew that he could attend the deposition if he chose to do so. Defendant was thus provided with the opportunity for confrontation at the deposition as *Crawford* requires. Because, on this record, defendant's rights under *Crawford* were protected, we conclude that the admission of Bishop's deposition without the written waiver of Rule 414(e) did not "tip the scales of justice against the defendant," nor did it affect "the fairness of the defendant's trial" or challenge "the integrity of the judicial process." *People v. Belknap*, 2014 IL 117094, ¶ 48. Accordingly, there was no plain error.

¶ 35                                                      CONCLUSION

¶ 36     For the foregoing reasons, the judgment of the appellate court is reversed. The judgment of the circuit court is affirmed.


¶ 37     Appellate court judgment reversed.

¶ 38     Circuit court judgment affirmed.