NOTICE
Decision filed 08/27/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200006-U

NO. 5-20-0006

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 13-CF-2048 |
| | ) | |
| JEFFREY RYNDERS, | ) | Honorable |
| | ) | Kyle A. Napp, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Because the defendant, and the State, are correct that the circuit court erred when it summarily dismissed the defendant's petition for postconviction relief at the first stage of proceedings, we reverse the order of the circuit court of Madison County and remand for the appointment of counsel for the defendant, and for further proceedings on the defendant's petition.

¶ 2    The defendant, Jeffrey Rynders, entered a plea of guilty in the circuit court of Madison County to two counts of aggravated driving under the influence (DUI) causing death. He thereafter was sentenced to 10 years of imprisonment in the Illinois Department of Corrections on each count, with the sentences to be served consecutively to each other. He now appeals the first-stage, or summary, dismissal of his petition for postconviction relief. For the following reasons, we reverse

1

the order of the circuit court of Madison County and remand for the appointment of counsel for the defendant, and for further proceedings on the defendant's petition.

¶ 3                                    I. BACKGROUND

¶ 4        On June 20, 2016, the defendant entered a plea of guilty to two counts of aggravated DUI causing death. The factual basis to which the defendant stipulated included the fact that two people died as a result of the injuries they sustained while riding a motorcycle that was struck by the defendant's car on September 15, 2013, after the defendant disobeyed a traffic control device that gave the motorcycle the right of way. The defendant's counsel noted at the guilty plea hearing that, in exchange for the defendant's plea, the State agreed to dismiss four additional felony charges against the defendant related to his actions during and around the time of the collision, as well as a number of misdemeanor and traffic charges related thereto, and agreed to "seek a sentence between 8 and 20 years in the aggregate on these two charges." In a typewritten order following the hearing, the trial judge entered a judgment in which she accepted the defendant's plea, and found and adjudged him guilty of two counts of aggravated DUI causing death.

¶ 5        On August 31, 2016, a sentencing hearing was held. Following the presentation of evidence and argument, the trial judge sentenced the defendant to 10 years of imprisonment in the Illinois Department of Corrections on each of the two counts to which he entered a plea of guilty, with the sentences to be served consecutively to one another. When explaining her sentence, the trial judge stated, *inter alia*, that although she believed the defendant was remorseful, she also believed the defendant continued to pose a danger to himself and others, in light of his documented history of substance abuse and his criminal acts related thereto. She noted that the defendant had agreed to a sentence of up to 20 years of imprisonment, which she believed was the appropriate sentence. She expressed her belief that the imposition of consecutive sentences was the only way she could give

him 20 years of imprisonment. Thereafter, the defendant filed, *pro se*, a motion for reduction of sentence, which subsequently was denied.

¶ 6    On May 24, 2019, the defendant filed, *pro se*, a postconviction petition (petition) in which he raised several claims of ineffective assistance of plea counsel. The petition also alleged, *inter alia*, that the trial judge erred in allowing him to plead guilty to both counts of aggravated DUI causing death, because the plea and the resulting two convictions violated "the one-act, one-crime doctrine." He claimed that his constitutional rights were violated as a result. In terms of relief requested, the petition asked, at its outset, for the circuit court to "vacate the judgment entered on June 20, 2016," and subsequently also asked the circuit court to, *inter alia*, vacate its August 31, 2016, judgment.

¶ 7    On August 22, 2019, the trial judge who accepted the defendant's guilty plea entered a written order in which she summarily dismissed the petition at the first stage of proceedings. In the written order, the trial judge stated, *inter alia*, that she believed an exception to the one-act, one-crime doctrine existed for cases in which "a single act causes harm to more than one victim." She added, "It was clearly the intention of the court to sentence the defendant to 20 years, said sentence being within the negotiated range of penalties and within the range prescribed by statute. As the court sentenced the defendant within the range agreed upon by the parties, it could not have been an abuse of discretion." She also found that the remainder of the defendant's claims were "frivolous and patently without merit." This appeal followed.

¶ 8                                      II. ANALYSIS

¶ 9    This court reviews *de novo* the first-stage, or summary, dismissal of a petition for postconviction relief. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage of proceedings on such a petition, a defendant "need only present a limited amount of detail in the petition." *Id*. As the *Hodges* court noted, "[b]ecause most petitions are drafted at this stage by defendants with

3

little legal knowledge or training," reviewing courts will view "the threshold for survival as low." *Id.* A defendant need only state the "gist" of a constitutional argument, a requirement that is met if a defendant alleges "enough facts to make out a claim that is arguably constitutional for purposes of invoking the Act," even if the petition as drafted at the first stage "lacks formal legal arguments or citations to legal authority." *Id.* The trial court may dismiss a petition at the first stage as "frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *Id.* at 11-12. Moreover, "[w]here defendants are acting *pro se*, courts should review their [first-stage] petitions 'with a lenient eye, allowing borderline cases to proceed.' " *Id*. at 21 (quoting *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983)).

¶ 10    The defendant in this case contended in his opening brief on appeal that his *pro se* petition was sufficient to advance from the first stage to the second stage of proceedings because the petition "asserted that his two convictions for aggravated DUI [causing death], based on one act of driving, violated the one-act, one-crime doctrine." In support of this proposition, the defendant pointed out that in *People v. Lavallier*, 187 Ill. 2d 464, 468-71 (1999), the Illinois Supreme Court held that, pursuant to the one-act, one-crime doctrine, a single physical act of driving under the influence cannot support multiple convictions for aggravated DUI, even if there is more than one victim as the result of the single physical act of driving under the influence. The defendant posited that "[i]n light of the supreme court's decision in *Lavallier*, it is clear that [the defendant's] two convictions of aggravated DUI [causing death] violate the one-act, one-crime doctrine." With regard to relief, the defendant requested that we vacate one of his two convictions for aggravated DUI causing death or, alternatively, reverse the circuit court's order dismissing his petition and remand for further proceedings and for counsel to be appointed.

¶ 11    In response, the State agreed with the defendant that the petition should not have been dismissed at the first stage of proceedings, because although the trial judge's statement that

4

multiple convictions for multiple victims do not violate the one-act, one-crime doctrine "is generally accurate, it is not true in the instance where the convictions are for aggravated DUI based on a single act of impaired driving." The State suggested that the proper remedy in this case is to remand for second-stage proceedings and the appointment of counsel to, if needed, amend the petition. The State noted that on appeal the defendant has not affirmatively abandoned the other claims in the petition, which is why it is appropriate for this court to remand for further proceedings with counsel in the circuit court, rather than for this court to simply vacate one of the defendant's two convictions and ignore the remainder of the petition. The State also suggested that if this court does choose to vacate one of the convictions, this court should nevertheless remand for a new sentencing hearing "with directions that [the] defendant be resentenced on the single remaining count." The State contended that the trial judge was mistaken in her belief that she was required "to artificially construct consecutive sentences in order to reach the 20 years [she] intended to be the appropriate sentence for defendant in this case," because under the applicable statute, she had every right to "impose[ ] a 20-year sentence for the single count of aggravated DUI" causing death to which the defendant legitimately entered a plea of guilty. The State suggested that the trial judge should be able to again sentence the defendant to any term of imprisonment up to 20 years, notwithstanding the rule that a defendant's sentence cannot be increased following a successful appeal.

¶ 12     In his reply brief, the defendant contended that it would not be appropriate for this court to remand with directions for new sentencing. Specifically, the defendant argued that we "should reject the State's request that this Court advise the trial court that it may impose a sentence of up to 20 years; the law simply does not allow it" under the circumstances of this case, because the result would be, in effect, to increase the defendant's sentence, following his successful appeal, on the sole remaining conviction for aggravated DUI causing death. The defendant reiterated his

5

request that we "vacate one of his two convictions for aggravated DUI, or alternatively, reverse for further post-conviction proceedings and for counsel to be appointed."

¶ 13    In light of the low threshold, discussed above, necessary for a defendant's *pro se* allegations in a postconviction petition to state the gist of a constitutional claim, and thus to survive a first-stage dismissal, we conclude that the parties are correct that the petition does in fact state the gist of a constitutional claim of a one-act, one-crime doctrine violation, and therefore is sufficient to survive a first-stage summary dismissal. Accordingly, we agree with the parties that the trial judge's summary dismissal of the petition was improper. As a result, the entire petition must advance to the second stage of proceedings. See, *e.g.*, *People v. Johnson*, 377 Ill. App. 3d 854, 858, 860 (2007) (if *any* claims in a postconviction petition are not subject to summary dismissal, the entire petition must be docketed for second-stage proceedings); see also, *e.g.*, *People v. Henderson*, 2014 IL App (2d) 121219, ¶ 41 (same).

¶ 14    The State is correct that there is no indication that the defendant has, at this point, chosen to abandon any of the arguments in the petition. Because the defendant has not yet had the benefit of counsel at the trial court level, and because therefore it is not yet known what amendments, if any, may be made to the petition, we believe it is appropriate for the next proceedings on the petition to occur in the trial court, where the guilty plea was accepted by the court and where sentencing occurred. We note, for example, that at the outset of the petition, the defendant specifically asked the circuit court to "vacate the judgment entered on June 20, 2016." As explained above, on that date, in a typewritten order following the guilty plea hearing, the trial judge entered a judgment in which she accepted the defendant's plea and found and adjudged him guilty of two counts of aggravated DUI causing death. We believe the only reasonable construction of the defendant's request that the June 20, 2016, judgment be vacated is that, in making this request, the defendant was asking the circuit court to vacate his guilty plea entirely, which in turn

6

implies that the defendant believes grounds exist that entitle him to that relief. Whether the defendant wishes to persist in that request is one of the questions that must be addressed by appointed counsel, after consultation with the defendant, in the circuit court on remand. Accordingly, we decline the request of appellate counsel that we simply vacate one of the defendant's convictions, rather than remanding for further proceedings with appointed counsel on the entire petition. We are aware of no reason that we should not presume the trial judge will correctly apply the law in light of whatever filings there may be by appointed counsel, after consultation with the defendant, on remand.

¶ 15                    III. CONCLUSION

¶ 16    For the foregoing reasons, we reverse the order of the circuit court of Madison County and remand for the appointment of counsel for the defendant, and for further proceedings on the defendant's petition.


¶ 17    Reversed and remanded.