NOTICE
Decision filed 04/01/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220409-U

NO. 5-22-0409

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 13-CF-2048 |
| | ) | |
| JEFFREY A. RYNDERS, | ) | Honorable |
| | ) | Kyle A. Napp, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the circuit court's judgment denying defendant's amended petition for postconviction relief where defendant forfeited his remaining claim of a one-act, one-crime violation by failing to move to withdraw his guilty plea.

¶ 2   The defendant, Jeffrey A. Rynders, entered a negotiated plea of guilty in the circuit court of Madison County to two counts of aggravated driving under the influence (DUI) causing death. He thereafter was sentenced to 10 years of imprisonment in the Illinois Department of Corrections on each count, with the sentences to be served consecutively to each other. The defendant previously appealed the first-stage, or summary, dismissal of his postconviction petition, and this court reversed and remanded for the appointment of counsel, and for further proceedings on the defendant's petition. *People v. Rynders*, 2021 IL App (5th) 200006-U. He now appeals the third-

1

stage dismissal of his petition for postconviction relief. For the following reasons, we affirm the order of the circuit court of Madison County.

¶ 3                                I. BACKGROUND

¶ 4    On June 20, 2016, the defendant entered a negotiated plea of guilty to two counts of aggravated DUI causing death. The factual basis to which the defendant stipulated included the fact that two people died as a result of the injuries they sustained while riding a motorcycle that was struck by the defendant's car after the defendant disobeyed a traffic control device that gave the motorcycle the right of way on September 15, 2013. Defense counsel noted at the guilty plea hearing that, in exchange for the defendant's plea, the State agreed to dismiss four additional felony charges against the defendant related to his actions during and around the time of the collision, as well as a number of misdemeanor and traffic charges related thereto and agreed to "seek a sentence between 8 and 20 years in the aggregate on these two charges." The circuit court addressed and admonished the defendant, who acknowledged that counsel had correctly recited the terms of the agreement and that he was voluntarily entering his plea. The circuit court admonished the defendant that the applicable sentencing range for aggravated DUI causing death to two or more people was 6 to 28 years (625 ILCS 5/11-501(d)(2)(G) (West 2016)); however, pursuant to the agreement between the parties, the State would cap its recommendation at 20 years with a floor of 8 years. Defendant indicated he understood, and after hearing the State's factual basis, the circuit court accepted the defendant's plea. In an order following the hearing, the circuit judge entered a judgment and found him guilty of two counts of aggravated DUI causing death.

¶ 5    On August 31, 2016, a sentencing hearing was held, and the defendant was sentenced to a total of 20 years' imprisonment in the Illinois Department of Corrections—10 years on each count with the sentences to be served consecutively to one another. On October 17, 2016, more than 30

2

days after the sentence was imposed, the defendant filed an untimely *pro se* motion for an extension of time to file postjudgment motions. Thereafter, on October 21, 2016, he filed another untimely *pro se* motion for reduction of sentence. Each motion filed by the defendant was subsequently denied by the circuit court. The defendant never filed a motion to withdraw his guilty plea or asserted a claim that he wished to withdraw his guilty plea in any of these *pro se* motions.

¶ 6    Approximately 2½ years later, on May 24, 2019, the defendant filed a *pro se* postconviction petition (petition) in which he raised several claims of ineffective assistance of plea counsel, including allegations that defense counsel was ineffective for failing to file a motion to withdraw his guilty plea or file an appeal despite the defendant's request. The petition also alleged, *inter alia*, that the trial judge erred in allowing him to plead guilty to both counts of aggravated DUI causing death, because the plea and the resulting two convictions violated "the one-act, one-crime doctrine." He claimed that his constitutional rights were violated as a result. In terms of relief requested, the petition asked, at its outset, for the circuit court to "vacate the judgment entered on June 20, 2016," and subsequently also asked the circuit court to, *inter alia*, vacate its August 31, 2016, judgment.

¶ 7    On August 22, 2019, the trial judge who accepted the defendant's guilty plea entered a written order in which she summarily dismissed the petition at the first stage of proceedings. In the written order, the trial judge stated, *inter alia*, that she believed an exception to the one-act, one-crime doctrine existed for cases in which "a single act causes harm to more than one victim." She added:

> "It was clearly the intention of the court to sentence the defendant to 20 years, said sentence being within the negotiated range of penalties and within the range prescribed by statute.

3

As the court sentenced the defendant within the range agreed upon by the parties, it could not have been an abuse of discretion."

She also found that the remainder of the defendant's claims were "frivolous and patently without merit." The defendant appealed.

¶ 8 On August 27, 2021, this court entered an order reversing the circuit court's order summarily dismissing the defendant's petition at the first stage of postconviction proceedings, because the defendant set forth the gist of a constitutional claim with respect to his one-act, one-crime argument. We remanded for further proceedings, because there remained additional arguments set forth in the petition, the defendant had not yet had the benefit of counsel at the circuit court level, and there may be amendments not yet made to the petition. Further, the defendant's requested relief implied that he believed grounds existed that entitled him to withdraw his guilty plea, and whether he wished to persist in that request is a question that must be addressed on remand.

¶ 9 On remand, the circuit court appointed postconviction counsel, and the parties agreed the case should move directly to a third stage hearing, which the court scheduled for February 10, 2022. On that same date, postconviction counsel filed an amended petition for postconviction relief (amended petition). The amended petition abandoned all of the defendant's ineffective claims and only asserted the one-act, one-crime violation. From a review of the record, defense counsel was clear that the defendant was abandoning all of his ineffective assistance of counsel claims and not seeking to withdraw his guilty plea, but simply proceeding on the one-act, one-crime violation:

"I think that [the defendant] opens himself up to withdrawal of the guilty plea if he continues to not affirmatively—what language did they use? Affirmatively abandon the other claims in the petition. So that's exactly what he's doing. I prepared both. I prepared

4

two petitions that Mr. Rynders has reviewed; one with all these allegations of ineffective as to Count 1, one with the one act/one crime doctrine. Okay. He has decided to abandon the first one with the allegations of ineffective assistance of counsel."

The circuit court noted that it believed the defendant was required to withdraw his plea. The court then granted the State's request to file a response to the defendant's amended petition and noted that it was not scheduling another evidentiary hearing due to the defendant's only remaining claim being a question of law. Subsequently, the State and the defendant filed their respective response and reply briefs. On June 10, 2022, the circuit court entered an order finding the defendant failed to make a substantial showing of a constitutional violation and denied the defendant's amended petition, with no explicit findings other than it was persuaded by the argument and law cited by the State. This timely appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    When the circuit court denies a postconviction petition at the third stage, after an evidentiary hearing where fact-finding and credibility determinations are involved, the circuit court's decision is reviewed for manifest error. *People v. English*, 2013 IL 112890, ¶ 23. However, if no new evidence is presented and the issues presented are pure questions of law, the standard of review is *de novo*. *Id.* Here, the State and the defendant agree that *de novo* review is appropriate, because the sole issue of whether a one-act, one-crime violation occurred is a purely legal question. We will apply the *de novo* standard of review and, in doing so, because we review the circuit court's judgment and not the reasons the court gave for its ruling, we may affirm on any basis supported by the record. *People v. Lee*, 344 Ill. App. 3d 851, 853 (1st Dist. 2003); see also *People v. Jackson*, 2021 IL App (1st) 190263, ¶ 38 ("Under a *de novo* standard of review, the reviewing court owes no deference to the trial court's judgment or reasoning.").

¶ 12   At the outset, it is important to note the procedurally unique circumstances of this case. The defendant entered into a negotiated plea agreement where the State not only made sentencing concessions, but also dismissed several charges and other cases. The defendant did not file a motion to withdraw his guilty plea and did not file a direct appeal. He instead first raises his one-act, one-crime claim in the context of a postconviction petition. Additionally, it is equally important to note the State concedes that the defendant's two convictions for aggravated DUI causing death were entered in violation of the one-act, one-crime rule. See *People v. Lavallier*, 187 Ill. 2d 464 (1999). We agree, and therefore do not address the defendant's arguments in support of that issue, which comprised the majority of the defendant's initial brief.

¶ 13   However, the State contends that the defendant's one-act, one-crime claim is not cognizable under the Post-Conviction Hearing Act (Act), because it is limited to those errors which are of constitutional magnitude; and the one-act, one-crime rule "has never been viewed as a rule of constitutional dimension" and "is not constitutionally mandated." *People v. Artis*, 232 Ill. 2d 156, 164 (2009). In addition, the State argues that, although it is well established that one-act, one-crime violations are reviewable under the second prong of the plain-error doctrine (see *People v. Coats*, 2018 IL 121926, ¶ 10; *People v. Harvey*, 211 Ill. 2d 368, 389 (2004)), it is equally established that plain-error review is applicable only on direct appeal and cannot be invoked under the Act (see *People v. Davis*, 156 Ill. 2d 149, 159 (1993); *People v. Owens*, 129 Ill. 2d 303, 316 (1989); *People v. Watkins*, 2019 IL App (4th) 180605, ¶ 24). The State contends that the defendant's reliance on *People v. Morgan*, 385 Ill. App. 3d 771 (3d Dist. 2008), in support of his argument is misplaced, because *Morgan* involved a one-act, one-crime claim that arose in a direct appeal where the court applied plain-error review, which is inapplicable in the present case.

6

¶ 14      In the alternative, the State argues that if such a claim is cognizable under the Act, the defendant waived the error through his voluntary guilty plea and his failure to file a motion to withdraw the plea. The State contends that because the defendant entered into a voluntary negotiated plea agreement, which included dismissal of charges and sentencing concessions by the State, he was required to file a timely motion to withdraw his plea pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) in order to challenge any aspect of the plea or the sentence. See *People v. Sophanavong*, 2020 IL 124337, ¶¶ 22-23; *People v. Evans*, 174 Ill. 2d 320, 329 (1996) (noting where a defendant pleads guilty in exchange for the dismissal of other charges and a sentencing-cap recommendation, he is required to file a motion to withdraw guilty plea pursuant to Rule 604(d)). Thus, the State argues that because defendant failed to do so, his one-act, one-crime claim has been waived and/or forfeited. The State further argues that granting the defendant's requested relief would impermissibly give him "a second bite at the apple," and allow the defendant to unilaterally modify the terms of the agreement while holding the State to its part of the bargain. The State emphasizes that such a practice flies in the face of contract principles and is inconsistent with constitutional concerns of fundamental fairness. Thus, defendant's attempt to reduce his aggregate sentence while holding the State to its end of the plea agreement should be rejected.

¶ 15      In response, the defendant argues that the defendant's one-act, one-crime claim implicates constitutional double jeopardy principles and is therefore appropriate in the context of a postconviction petition. In support, the defendant cites to *People v. Morgan*, 385 Ill. App. 3d 771 (2008), wherein the Third District Appellate Court found that it may analyze the defendant's one-act, one-crime argument for plain error because it implicates constitutional double jeopardy principles. *Id.* at 774. The defendant does not address the portion of the State's argument that plain-

7

error review is inapplicable in the context of postconviction proceedings. The defendant further argues that *Morgan* is instructive on the State's alternative arguments that (1) the defendant forfeited his one-act, one-crime claim by entering into a negotiated plea agreement and failing to withdraw his guilty plea and (2) the defendant is estopped from making such a claim under the contract theory of plea agreements. The defendant contends that the present case is similar to the *Morgan* decision, in which the court rejected the State's argument that the defendant had forfeited his one-act, one-crime claim, because nothing in the record suggested that the defendant knew he was pleading guilty to improper, excess convictions, and thus, it could not assume the defendant had voluntarily and knowingly pled guilty to improper multiple convictions. *Id.* at 776. Further, the *Morgan* court found that the plea agreement for surplus convictions arguably violated contract principles of good faith and fair dealing. *Id.* at 777.

¶ 16    Illinois Supreme Court Rule 604(d) provides that "[u]pon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). In *People v. Stewart*, 123 Ill. 2d 368, 374 (1988), our supreme court held that the waiver rule in Rule 604(d) "applies to post-conviction proceedings as well as to appeals" (citing *People v. Ward*, 48 Ill. 2d 117, 120-21 (1971)). For decades, the guilty-plea waiver rule has been applied in postconviction cases where no direct appeal was taken. See *People v. Williams*, 52 Ill. 2d 466 (1972); *People v. Brown*, 41 Ill. 2d 503 (1969); *People v. Page*, 38 Ill. 2d 611 (1967); *People v. Dennis*, 34 Ill. 2d 219 (1966); *People v. Smith*, 23 Ill. 2d 512, 514 (1961).

¶ 17    Defendant's act of pleading guilty forecloses any claim of error. *Sophanavong*, 2020 IL 124337, ¶ 33. " 'It is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, including constitutional ones.' " *Id.* (quoting *People v. Townsell*, 209 Ill.

2d 543, 545 (2004)); see also *People v. Jones*, 2021 IL 126432, ¶ 20. "Plea agreements are contracts, and principles of waiver apply equally to them." *Jones*, 2021 IL 126432, ¶ 21 (citing *People v. Absher*, 242 Ill. 2d 77, 87 (2011)). Where a plea agreement includes the dismissal of charges or sentencing concessions by the State, the defendant is required to file a motion to withdraw his guilty plea in order to return the parties to the status quo. *People v. Rogers*, 364 Ill. App. 3d 229, 246 (2006). Absent a motion to withdraw the guilty plea, the guilty plea remained uncontested, along with the defendant's voluntary relinquishment of rights, such as any claim of a violation of the one-act, one-crime rule. *Id.*; see also *Townsell*, 209 Ill. 2d at 547.

¶ 18　　Where a court has jurisdiction over the defendant and the subject matter, then any authorized judgment, even if in error, will be voidable, and not void. *People v. Davis*, 156 Ill. 2d 149, 157 (1993). Whether a judgment is void or voidable turns on the court's jurisdiction, and where jurisdiction is lacking, the judgment is void. *Id.* at 155. By contrast, a voidable judgment "is one entered erroneously by a court having jurisdiction and is not subject to collateral attack." *Id.* at 155-56; see also *People v. Castleberry*, 2015 IL 116916, ¶ 11. Here, the defendant does not claim that the circuit court lacked jurisdiction and there is no evidence in the record to suggest the same; thus, the judgment entered was merely voidable, and procedural defaults could preclude defendant's challenge to the judgment.

¶ 19　　We note that courts often use the terms "forfeit," "waive," and "procedural default" interchangeably in criminal cases. *People v. Blair*, 215 Ill. 2d 427, 443 (2005). Waiver "is an intentional relinquishment or abandonment of a known right or privilege." *People v. Lesley*, 2018 IL 122100, ¶ 36. Forfeiture is defined "as the failure to make the timely assertion of [a] right." *Id.* ¶ 37. For purposes of this case, we use the term "forfeited" to mean issues that could have been raised, but were not, and are therefore barred. *People v. Rogers*, 197 Ill. 2d 216, 221 (2001).

9

¶ 20    As noted in *Morgan*, which is relied on by the defendant, "the term 'waiver,'" in the plain error context, actually means 'forfeiture.' " *Morgan*, 385 Ill. App. 3d at 776 (referencing *Townsell*, 209 Ill. 2d 543). Although *Morgan* is instructive on this point, we find that defendant's reliance on the analysis in *Morgan* is misplaced, as it does not lend the proper guidance to decide the present case for several reasons. First, *Morgan* was decided in the context of a direct appeal, not a postconviction petition. Second, and importantly, the defendant in *Morgan* had filed a motion to withdraw his guilty plea. However, the defendant failed to raise the issue of a one-act, one-crime violation therein. On direct appeal, the appellate court expressly found that the defendant forfeited his claim by failing to raise it with the trial court but was able to reach the defendant's argument, because (1) he had properly preserved his right to appeal by filing a motion to withdraw his guilty plea, and (2) by applying plain-error review. *Id.* at 773, 777. In the instant case, the defendant never filed a motion to withdraw his guilty plea and plain-error review is inapplicable in postconviction proceedings. Thus, *Morgan* is distinguishable.

¶ 21    Having reviewed the record on appeal and the arguments advanced by the parties, we conclude that the defendant forfeited his one-act, one-crime claim raised in his amended postconviction petition. In this case, because the negotiated plea agreement included the dismissal of counts and other cases, including a sentencing cap, the defendant was required to file a motion to withdraw his guilty plea before collaterally attacking the voluntariness of said plea. In our view, this case requests precisely the type of collateral relief our Illinois Supreme Court has declined to extend when a defendant has knowingly entered into a negotiated plea and failed to raise the issue in either a motion to reconsider or withdraw the plea. The defendant's failure to do so precludes this court from addressing his claim.

¶ 22  A plea of guilty is a grave act that is not reversible at the defendant's whim. *Evans*, 174 Ill. 2d at 326. However, we note that there are exceptions to the guilty plea waiver rule as applied to postconviction claims. The rule does not apply to claims of actual innocence. See *People v. Reed*, 2020 IL 124940, ¶¶ 41-42. The waiver rule does not apply where a defendant claims that his or her guilty plea was involuntary because plea counsel provided deficient advice. See *Townsell*, 209 Ill. 2d at 545; *People v. Smith*, 383 Ill. App. 3d 1078, 1085 (2008). The rule has been relaxed where the interests of " 'fundamental fairness' necessitate our review." *People v. Miranda*, 329 Ill. App. 3d 837, 843 (2002). The waiver rule does not apply where "the plea itself was involuntary because of faulty admonishments." *People v. Stroud*, 208 Ill. 2d 398, 403 (2004). However, none of these recognized exceptions apply to this case.

¶ 23  Specifically, on remand, the defendant explicitly abandoned his ineffective assistance claims alleged in his original petition. Having abandoned these claims, this particular exception to the waiver rule can no longer apply to this matter. Further, it is evident that defendant's abandonment of these claims was done to avoid any possibility of having to withdraw his guilty plea for the specific purpose that he might unilaterally modify the terms of his plea agreement by having one of his convictions and a portion of his sentence vacated. To relax principles of forfeiture in the present case, where defendant wants to collaterally attack his plea agreement by claiming a constitutional violation but insists on maintaining and preserving his plea of guilty, would cause a manifest injustice, not correct it. Thus, the principles of fundamental fairness do not necessitate our review.

¶ 24                            III. CONCLUSION

¶ 25    Therefore, we affirm the circuit court's judgment denying defendant's amended petition

for postconviction relief where defendant forfeited his remaining claim of a one-act, one-crime

violation by failing to move to withdraw his guilty plea.


¶ 26    Affirmed.